91 F.3d 145
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn W. LARKINS, Defendant-Appellant.
 No. 95-5685.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1996.
 
 Before: KENNEDY, WELLFORD, and MOORE, Circuit Judges.
 MOORE, Circuit Judge.
 
 
 1
 Defendant-Appellant Glenn W. Larkins appeals his sentence for manufacturing and possessing marijuana. Larkins asserts that the government's destruction of the marijuana plants and the tally sheets used to count the plants violated due process because the destruction inhibited his access to evidence relevant to his sentencing proceeding. Larkins also asserts that the district court's estimate of the number of marijuana plants to be attributed to him was clearly erroneous. For the reasons that follow, we affirm the district court's sentence in this case.
 
 
 2
 * On August 2, 1992, a Kentucky marijuana task force team arrested Larkins while he was picking leaves in a marijuana plot. The task force team consisted of two Kentucky State Police ("KSP") officers and four Kentucky National Guard members. The task force team had been conducting surveillance of the marijuana plot when Larkins entered it.
 
 
 3
 After arresting Larkins, the task force team began collecting evidence. The team videotaped the marijuana field, and then began "eradicating" the marijuana plants. The team eradicated the plants by cutting them down or pulling them out of the ground. As the plants were eradicated, each team member counted the number of plants he had pulled or cut. KSP officer Jones kept a tally of the number of plants the team eradicated. The team did not videotape the eradication process or the counting process, although the team had working video equipment at the site. The team members testified that they eradicated 311 marijuana plants from the plot. The team then burned the marijuana plants and destroyed the sheets from which the final 311 figure was compiled.
 
 
 4
 About three weeks after the arrest, Larkins and several others visited the marijuana plot. The visitors testified that during their visit, they counted the stalks of the plants that had been cut down and the visible holes remaining after plants had been pulled up. The visitors testified that a total of 58 marijuana plants had been cut down or pulled up.
 
 
 5
 After a trial, a jury found Larkins guilty of possession of marijuana with intent to distribute, and found him not guilty of manufacturing marijuana. At his sentencing, Larkins argued that the government's count of 311 plants was unreliable, and that only 58 plants should be attributed to him for sentencing purposes. Larkins presented the testimony by the visitors to the plot and testimony by an expert who stated that 311 marijuana plants could not grow in an area the size of the marijuana plot. The district court found that the government's 311 plant figure was not credible, and that at least 58 plants had been destroyed. However, the district court also credited one officer's testimony that the team had pulled more plants than it had cut. Based on this testimony, the district court reasoned that at least 42 more plants would have been pulled by the team, bringing the total number of plants to 100 or more. The district court then sentenced Larkins to 70 months of imprisonment based on the sentencing guideline for defendants in possession of 100 or more marijuana plants. Larkins filed a timely notice of appeal to this court.
 
 II
 
 6
 We review de novo the issue of whether the government's destruction of potentially exculpatory evidence violated Larkins's due process rights. See United States v. Cooper, 983 F.2d 928, 931 (9th Cir.1993). The government argues that Larkins waived his due process claim by failing to raise the issue in the district court. The government contends that Larkins should have raised the argument below in a pretrial motion, and that his failure to do so waives the issue on appeal pursuant to the provisions of Rule 12(b) of the Federal Rules of Criminal Procedure. Larkins responds that he did raise the issue below by challenging the government's count of the marijuana plants at sentencing, and that the issue was not required to be raised by pretrial motion because Larkins was not aware of the destruction of evidence until the officers testified at trial.
 
 
 7
 Nothing in the joint appendix indicates that Larkins raised the due process issue at any time in the district court. Larkins's argument that he raised the due process issue by challenging the accuracy of the government's plant count is unavailing. Although the due process issue is related to the accuracy of the plant count because the plant count cannot be verified without the destroyed evidence, the due process claim is a claim of a distinct harm. Larkins did not raise below the due process issue of the government's destruction of potentially exculpatory evidence, as evidenced by the fact that the district court made no crucial findings on the due process issue, such as whether the officers acted in bad faith, and by the fact that Larkins cannot point to any record of due process claims below.
 
 
 8
 Issues that should have been, but are not, presented in a Fed.R.Crim.P. 12(b) motion to dismiss the indictment or to suppress evidence are waived, and this court cannot consider them on appeal. Fed.R.Crim.P. 12(f); United States v. Obiukwu, 17 F.3d 816, 819 (6th Cir.1994) (per curiam). Plain error analysis does not apply to Rule 12(b) waivers, but may be invoked in the court's discretion to review other rights forfeited by the failure to raise them below. See United States v. Scarborough, 43 F.3d 1021, 1025 (6th Cir.1994) (distinguishing between waiver, which is conclusive, and forfeiture, to which plain error review may be applied).
 
 
 9
 Larkins was not required to assert his due process claim relating to the government's destruction of evidence in a Rule 12(b) motion. Although such a due process claim certainly could be brought as a motion to dismiss the indictment, see United States v. Nunez-Rios, 622 F.2d 1093, 1098-99 (2d Cir.1980) (motion to dismiss indictment based on claim that government was guilty of outrageous conduct should be brought before trial as Rule 12(b) motion), there is some merit to Larkins's allegation that he was unaware of issues pertaining to the plant count until trial, making pre-trial Rule 12(b) motions impracticable or impossible. Thus, the government's argument that we should not consider Larkins's due process argument because it was not raised as a pretrial Rule 12(b) motion does not carry the day.
 
 
 10
 Apart from Rule 12(b), we must consider Larkins's failure to raise his due process claim at any time in the district court. Even if Larkins were unaware of the destruction of the evidence until trial, he could have raised his due process claim before or during his sentencing hearing. He did not do so, however, and thereby forfeited this claim. This court has specifically stated that we may consider a claim of deprivation of due process by destruction of potentially exculpatory evidence even where not raised below if the case is "exceptional" or if refusing to consider the issue would result in a plain miscarriage of justice. United States v. Edge, 989 F.2d 871, 876 (6th Cir.1993) (per curiam) (citations omitted). As in Edge, we do not believe this to be an exceptional case warranting the exercise of our discretion. Even if we were to review Larkins's due process claim for plain error, we note that the district court did not commit plain error in this case. While the task force team's failure to photograph or videotape the plants and retain the tally sheets seems perhaps ill-advised, the task force team's actions do not clearly indicate bad faith, as required by Arizona v. Youngblood, 488 U.S. 51, 58 (1988), and thus do not demonstrate a violation of the due process clause. See also Edge, 989 F.2d at 876; United States v. Allen, 954 F.2d 1160, 1168-69 (6th Cir.1992).
 
 III
 
 11
 We will not overturn the district court's factual determination of the quantity of marijuana to be attributed to a defendant for sentencing purposes unless the determination is clearly erroneous. 18 U.S.C. § 3742(e); Allen, 954 F.2d at 1168. A finding is clearly erroneous when, although some evidence supports the finding, we are left with a firm conviction that a mistake has been made. Id.
 
 
 12
 The district court's estimate of the number of marijuana plants to be attributed to Larkins was not clearly erroneous. The district court charged Larkins with at least 100 plants. The district court credited the testimony of defense witnesses that 58 plants were cut and relied on the testimony of KSP Officer Jones that more plants were pulled than cut to determine that at least 100 plants were eradicated from the plot. Officer Jones's testimony that more plants were pulled than cut supports the district court's finding, and may be relied upon even though the district court did not credit other portions of his testimony. Thus, the district court's estimate that the officers eradicated at least 100 plants is not clearly erroneous.
 
 IV
 
 13
 The district court's estimate of the number of plants to be attributed to Larkins is not clearly erroneous, and Larkins failed to provide a legally adequate basis for his forfeited due process claim. Thus, we AFFIRM Larkins's sentence.