**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DELIA ALLAN,

        Plaintiff - Appellant,

    v.

SPRINGVILLE CITY, a Utah
municipal corporation; J. DOUGLAS
BIRD, individually and in his capacity
as the former Springville City
Recorder; HAL BURROWS,
individually and in his capacity as the
former Springville City Planning and
Zoning Administrator,

        Defendants - Appellees.

No. 03-4180

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D. Ct. No. 2:00-CV-887-DAK)**

---

Gordon W. Duval, Duval Haws & Frei, P.C., American Fork, Utah, for the
Plaintiff-Appellant.

Stanley J. Preston (Camille N. Johnson, Judith D. Wolferts, and Maralyn M.
Reger, with him on the brief), Snow, Christensen & Martineau, Salt Lake City,
Utah, for the Defendants-Appellees.

---

Before **TACHA** , Chief Circuit Judge, **BALDOCK,** and **HENRY** , Circuit Judges.

---

**TACHA** , Chief Circuit Judge.

---

Plaintiff-Appellant Delia Rosales Allan took an unauthorized maternity leave that her employer construed as a resignation. Alleging numerous causes of action, Ms. Allan brought suit against her former employer, Defendant-Appellee Springville City, and her two former supervisors, Defendants-Appellees J. Douglas Bird and Hal Burrows (collectively "the Defendants"). The District Court granted the Defendants' Motion for Summary Judgment on all counts except Ms. Allan's procedural due process claim against Mr. Bird. This issue was presented to a jury, which returned a verdict in favor of Mr. Bird. Ms. Allan raises three contentions on appeal: (1) the District Court erred in formulating its jury instructions; (2) the District Court improperly excluded evidence at trial; and (3) the District Court erred in granting summary judgment on her wrongful termination claim. We take jurisdiction pursuant to 28 U.S.C. § 1291, AFFIRM, and DENY all pending motions.

## I. BACKGROUND

In June 1997, Ms. Allan sought maternity leave from her part-time job with Springville City. At the time of her request, Ms. Allan was nine months pregnant and desired leave effective immediately. Her supervisor, Mr. Bird, informed Ms. Allan that because of her part-time status she did not qualify for maternity leave under the Family and Medical Leave Act. *See* 29 U.S.C. § 2601 et seq. Despite

not qualifying for leave, Ms. Allan did not appear for work on June 23, 1997. Mr. Bird responded to Ms. Allan's absence by sending a letter stating that she did not qualify for leave and would have to reapply for a position with the city if she desired to return.

Ms. Allan brought suit alleging, inter alia, wrongful termination and due process violations. [1] The District Court granted the Defendants' Motion for Summary Judgment on the wrongful termination claim, finding that this common-law cause of action was preempted by Utah's Anti-Discrimination Act ("UADA"), Utah Code Ann. §§ 34A-5-101 et seq. Ms. Allan argues on appeal that the District Court's ruling was in error.

Ms. Allan's procedural due process claim against Mr. Bird survived summary judgment. Ms. Allan alleged that she had been terminated in violation of the procedures laid out in the city's personnel manual. Mr. Bird maintained that Ms. Allan had constructively resigned from her position by not appearing for work. Because she had not been terminated, Mr. Bird argued, there could not be a violation of the personnel manual's termination procedures. The District Court denied summary judgment on this claim, finding a genuine issue of material fact as to whether Ms. Allan had been terminated or had constructively resigned.

---

[1]Ms. Allan's other causes of action were dismissed on summary judgment, and she fails to raise them on appeal. As such, they are waived. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

A jury heard Ms. Allan's procedural due process claim and returned a verdict for Mr. Bird. The jury, by special verdict, answered "no" to the question: "Did Ms. Allan prove by a preponderance of the evidence that Defendant J. Douglas Bird terminated her employment with Springville City?" Ms. Allan appeals from this jury verdict on two grounds. First, she claims that the District Court erred in instructing the jury regarding whether Ms. Allan resigned or was terminated. Second, she argues that the District Court erred in excluding several pieces of evidence at trial. We consider these two issues, and whether the District Court erred in granting summary judgment on her wrongful termination claim, below.

## II.  DISCUSSION

A.  <u>Jury Instruction</u>

Ms. Allan first argues that the District Court erred in instructing the jury. To begin, we note that Ms. Allan must object to the jury instruction at trial in order to preserve any error on appeal. This objection must distinctly state the matter objected to and the grounds for the objection. Fed. R. Civ. P. 51(c).

The importance of objecting to a jury instruction is evident from our local rules. Before we consider whether an instruction is erroneous, our local rules require appellants to "cite the precise reference in the record where a required objection was made and ruled on . . . if the appeal is based on the giving of or

refusal to give a particular jury instruction[.]" 10th Cir. R. 28.2(C)(3)(b). Furthermore, our rules require an appellant's appendix to include the transcripts necessary to determine whether the party adequately objected to the proffered jury instruction. *See* 10th Cir. R. 10.1(A)(1).

Ms. Allan's opening brief fails to comply with these rules. Her brief does not cite to the point in the record where her objection can be found and her appendix does not include the transcript of the jury instruction conference. These infractions provide sufficient grounds to deny her jury instruction issue on appeal. *See* 10th Cir. R. 10.3(B) ("When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it."); *King v. Unocal Corp.*, 58 F.3d 586, 588 (10th Cir. 1995) ("[Appellant] failed to provide us with a copy of the pages of transcript containing his objections to several of the challenged instructions. Because Appellant did not provide us with a proper record, we cannot review his appellate issue.").

The Defendants' brief brought these defects to our attention. In response, Ms. Allan moved to supplement the appendix to include the jury instruction hearing transcript. We have previously noted the inadequacy of this remedy: "Parties should not ignore the fundamental requirement of showing that the issues they bring before this court were properly raised below. Fulfilling this requirement by moving to supplement the appendix after the adversary has

brought the dereliction to the attention of the court is unsatisfactory to say the least." *Valley Improvement Ass'n, Inc. v. U.S. Fidelity & Guar. Corp.*, 129 F.3d 1108, 1119 (10th Cir. 1997).

Because Ms. Allan failed to properly brief the jury instruction issue on appeal or submit an adequate record, we affirm the District Court's instruction without reaching the merits of the issue. Further, we deny Ms. Allan's motion to supplement the record.[2] We also deny Defendants' conditional motion to file a sur-reply, and we deny Ms. Allan's conditional motion to file a sur-sur-reply.

B.    Exclusion of Evidence

Ms. Allan next argues that the jury verdict must be set aside because the District Court erred in excluding evidence at trial. We review the District Court's exclusion of evidence for abuse of discretion, and "we will not disturb the determination absent a distinct showing it was based on a clearly erroneous

---

[2]In any event, the proposed supplemental record would not have furthered Ms. Allan's appeal. The transcript of the jury instruction hearing illustrates that Ms. Allan's counsel did not object to the challenged instruction with sufficient specificity. *See Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 553 (10th Cir. 1999) ("Because the purpose of the objection is to give the court an opportunity to correct any mistake before the jury enters deliberations, an         excessively vague or general objection to the propriety of a given instruction is insufficient to preserve the issue for appeal.") (internal citation omitted). Our review, then, would be limited to a plain error review.        *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1227 (10th Cir. 2001). Satisfying plain error review requires showing that the jury instruction was not only erroneous and prejudicial, but that failure to set aside the jury's verdict would result in a fundamental injustice.        *Id.* Ms. Allan cannot meet this standard.

finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." *Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995). Moreover, when the District Court has improperly excluded evidence, we "will set aside a jury verdict only if the error prejudicially affects a substantial right of a party." *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1296 (10th Cir. 1998).

Ms. Allan argues that the District Court's Order in Limine improperly excluded evidence relating to the city's practice of granting unpaid leave. The Order in Limine, however, did not exclude all evidence relating to whether the city granted unpaid leave. The Order only precluded the presentation of evidence as it related to a city-wide practice of granting unpaid leave — evidence that was only relevant to the equal protection and disparate treatment claims against the city that had been dismissed on summary judgment. The Order did not exclude evidence relating to Ms. Allan's due process claim against Mr. Bird — the claim being heard by the jury. Because the Order expressly provided that Ms. Allan could present evidence relevant to the claim being tried, the District Court did not err.

Ms. Allan also points to four instances in which she claims evidence was improperly excluded during trial. First, Ms. Allan argues that the District Court erroneously excluded Mr. Bird's testimony relating to unpaid leave taken by other employees. To support this claim, Ms. Allan cites to a point in the record where

the District Court sustained an objection to this line of questioning. The questioning took place during redirect examination, and the District Court sustained an objection to it on the grounds that it was outside the scope of redirect. Upon reviewing the record, we agree with the District Court that the question was beyond the scope of redirect, and therefore the District Court did not abuse its discretion.

Second, Ms. Allan argues that the District Court improperly excluded testimony that Mr. Bird told Ms. Allan's coworkers to "make life so miserable for her that she'll quit." The record, however, clearly reflects the fact that the jury was allowed to hear this evidence.

Ms. Allan next argues that the District Court erred in ruling that a letter from her previous counsel was inadmissible. To adequately object to the exclusion of evidence, "the proponent of the excluded evidence must explain what he expects the evidence to show and the grounds for which he believes the evidence is admissible." *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 802 (10th Cir. 2001). The record indicates that Ms. Allan's counsel not only failed to meet this requirement, but when the District Court addressed this proposed exhibit, Ms. Allan's counsel stated "we're not going to use that exhibit." By informing the District Court that he did not intend to use the exhibit, Ms. Allan's counsel failed to preserve this objection for appeal. We, therefore, review the exhibit's

exclusion for plain error. *See id.* Ms. Allan fails to demonstrate how she can meet this " extraordinary, nearly insurmountable burden." *Id*.

Finally, Ms. Allan argues that a letter from her doctor was improperly excluded. The letter was sent by Ms. Allan's doctor to her attorney and discussed her health problems associated with her pregnancy and the stress of losing her job. This letter contains several statements that are clearly inadmissible hearsay, such as: "They then started telling her that she would not be able to work for them any longer because she was pregnant." On the other hand, the letter also included admissible information, such as the doctor's evaluation of the stress suffered by Ms. Allan as a result of losing her job. Given the letter's mix of admissible and inadmissible evidence, the District Court excluded the letter but allowed the admissible evidence to be presented to the jury through the doctor's trial testimony. Thus, by excluding the letter, the District Court simply prevented inadmissible evidence from being presented to the jury. Because the admissible evidence contained in the letter was allowed into the record through the doctor's direct testimony, the exclusion of the letter is insufficient to constitute an abuse of discretion. We hold, therefore, that the District Court did not abuse its discretion in excluding any of this evidence.

C.    Summary Judgment on Wrongful Termination Claim

The District Court granted the Defendants' Motion for Summary Judgment

on Ms. Allan's wrongful termination claim, finding that the UADA preempts her common-law wrongful termination claim. Ms. Allan argues on appeal that this ruling was in error. We need not reach the merits of this question, however, because the jury's verdict, which found that Ms. Allan was not terminated, moots the issue.

The Utah Supreme Court has adopted a four-part test for establishing a prima facie claim of wrongful termination. *See Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 404 (Utah 1998). The first part of this test requires that "an employee must show . . . that his employer terminated him." *Id*. Here, the jury considered this question and returned a special verdict specifically finding that Ms. Allan was not terminated. As such, we face a jury's finding of fact that negates an essential element of Ms. Allan's wrongful termination claim, and therefore Ms. Allan cannot prevail on this claim even if it is not preempted by the UADA.

The Second Circuit addressed a similar issue in *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 115 (2d Cir. 2002). In *Medforms*, the defendant argued that the district court erred in granting plaintiff summary judgment on its "work made for hire" affirmative defense to plaintiff's infringement claim. *Id*. The Second Circuit held that because it sustained the jury's verdict finding no infringement, the legal argument made at the summary

judgment stage was " moot with regard to the infringement claims." *Id*.

We find this analysis persuasive and apply it here. Because the jury found that Ms. Allan was not terminated — a necessary element of a wrongful termination claim — the question whether the District Court's ruling that the UADA preempts Ms. Allan's wrongful termination claim is moot.

## III. CONCLUSION

Ms. Allan did not properly brief the jury instruction argument on appeal nor did she submit an adequate record; therefore, we do not review the jury instruction at issue. Ms. Allan also fails to establish that the District Court abused its discretion in excluding evidence. Finally, because we sustain the jury's verdict finding that Ms. Allan was not terminated, the question whether the District Court erred in granting summary judgment on the wrongful termination claim is moot. Therefore, we AFFIRM the District Court's rulings and DENY all motions pending in this Court.