**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 09-2203 |
| | (D.Ct. No. 2:08-CR-02444-BB-1) |
| | (D. N.M.) |
| ALONSO GUTIERREZ-VASQUEZ, | |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

After Defendant-Appellant Alonso Gutierrez-Vasquez pled guilty to one count of unlawful reentry of a previously removed alien subsequent to a felony

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction, the district court sentenced him to thirty months imprisonment. Although Mr. Gutierrez-Vasquez appeals his conviction and sentence, his attorney has filed an *Anders* brief and moved for permission to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On January 12, 2009, Mr. Gutierrez-Vasquez pled guilty, without entering a plea agreement, to unlawful reentry in violation of 8 U.S.C. § 1326(a)(1) and (2) and (b). The record on appeal shows a plea hearing was held before the district court on January 12, 2009, at which Mr. Gutierrez-Vasquez appeared and pled guilty. Thereafter, a probation officer prepared a presentence report calculating Mr. Gutierrez-Vasquez's sentence under the applicable 2008 United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). The probation officer set the base offense level at 8 under U.S.S.G. § 2L1.2(a) and added twelve levels under U.S.S.G. § 2L1.2(b)(1)(B) because Mr. Gutierrez-Vasquez was deported subsequent to having been convicted for a felony drug trafficking offense for which the sentence was thirteen months or less. Based on his acceptance of responsibility, the probation officer included a three-level reduction, for a total offense level of 17. Because Mr. Gutierrez-Vasquez committed the instant offense while on probation for his drug trafficking offense and less than two years

after his release from custody, three points were added to his criminal history score, resulting in a criminal history category of III. A total offense level of 17, together with a criminal history category of III, resulted in a Guidelines range of thirty to thirty-seven months imprisonment.

Mr. Gutierrez-Vasquez's counsel objected to the presentence report, claiming Mr. Gutierrez-Vasquez's criminal history was over-represented because his drug trafficking conviction was used to increase his offense level as well as his criminal history points and category, and therefore, his criminal history category should be reduced to II. The district court rejected his argument, sentencing Mr. Gutierrez-Vasquez to thirty months imprisonment, at the low end of the Guidelines range.

Following Mr. Gutierrez-Vasquez's timely *pro se* notice of appeal, his appointed counsel filed an *Anders* appeal brief explaining no meritorious issues exist on appeal. *See Anders*, 386 U.S. at 744. Counsel pointed out that in appealing his sentence, Mr. Gutierrez-Vasquez believes his criminal history was over-represented and should have been calculated at category II. However, after careful examination of the relevant law and record on appeal, including the plea and sentencing hearing transcripts, his counsel asserts no reversible error, legally nonfrivolous question, or jurisdictional defect exists warranting an appeal.

Pursuant to *Anders,* this court gave Mr. Gutierrez-Vasquez an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. On February 10, 2010, Mr. Gutierrez-Vasquez filed a response, stating his attorney did not allow him to speak at the sentencing hearing; did not object to his offense level, which seemed high; and forced him "to sign the plea" by stating if he did not "he would do everything possible to see to it that I would get 30 months for a prison sentence." Based on his arguments, we assume Mr. Gutierrez-Vasquez is appealing both his conviction and sentence. The government filed a notice of its intention not to file an answer brief in this appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* Mr. Gutierrez-Vasquez summarily argues, without sufficient explanation, that his counsel did not allow him to speak at the sentencing hearing, did not object to his offense level, and forced him "to sign the plea." These arguments go to the voluntariness of his plea, ineffective assistance of his counsel, and the calculation and reasonableness of his sentence.

To begin, we have long held ineffective assistance of counsel claims should be brought in collateral proceedings and not on direct appeal. *See United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005). We have further held "'[s]uch

claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.'" *Id.* (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995)). As a result, we decline to consider Mr. Gutierrez-Vasquez's ineffective assistance of counsel claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (holding "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance").

As to the voluntariness of his plea, Mr. Gutierrez-Vasquez states his counsel forced him to sign a plea, but we note that in his case he did not enter a formal, written plea agreement, leaving us to question the legitimacy of his claim on appeal. In addition, neither Mr. Gutierrez-Vasquez nor his counsel have submitted the transcript of his plea hearing for our review or provided any other information regarding the hearing for us to consider, other than the Plea Minute Sheet. "When the party asserting an issue fails to provide a record sufficient for considering that issue, [this] court may decline to consider it." 10th Cir. R. 10.3(B). Finally, Mr. Gutierrez-Vasquez conclusorily states his counsel made him sign a plea, without providing us any additional argument or information as to why he continued to plead guilty while undergoing a Rule 11 colloquy with the district court, as shown in the Plea Minute Sheet. While we construe his *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we have held

perfunctory or cursory reference to issues, which are unaccompanied by some effort at developed argument, are inadequate to warrant consideration. *See United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002). For these reasons, and because Mr. Gutierrez-Vasquez's argument as to the voluntariness of his plea is related to his ineffective assistance of counsel claim, we decline to address it, leaving such an argument for consideration under 28 U.S.C. § 2255.

Finally, we turn to Mr. Gutierrez-Vasquez's sentencing argument in which he suggests his offense level was too high and his criminal history category was over-represented. We review his sentence for reasonableness as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. In calculating his sentence, both the probation officer and the district court properly applied the correct offense level and appropriately used U.S.S.G. § 4A1.1(d) and (e) in calculating his criminal history category. With respect to the latter, § 4A1.1(d) provides for adding two criminal history points if, as here, "the defendant committed the instant offense while under any criminal justice sentence, including probation ...." U.S.S.G. § 4A1.1(d). Similarly, § 4A1.1(e) provides for adding two points if the defendant committed the instant offense less than two years after release from imprisonment, but only one point if, as here, two points were already

added under subsection (d). Mr. Gutierrez-Vasquez qualified for both of these increases and, accordingly, three points were added to his criminal history score. As we held in *United States v. Pech-Aboytes*, the Guidelines advise the district court to increase criminal history points in such instances. *See* 562 F.3d 1234, 1238-39 (10th Cir. 2009). As a result, we conclude the district court properly calculated Mr. Gutierrez-Vasquez's sentence.

After properly calculating Mr. Gutierrez-Vasquez's sentence, the district court sentenced him to thirty months imprisonment, which is at the low end of the advisory Guidelines range and entitled to a rebuttable presumption of reasonableness. *See Kristl*, 437 F.3d at 1053-55. Mr. Gutierrez-Vasquez has not rebutted this presumption with any nonfrivolous reason warranting a lower sentence. *Id.*

III. Conclusion

For these reasons, no meritorious appellate issue exists for our review on direct appeal. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Gutierrez-Vasquez's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-7-