FILED
United States Court of Appeals
Tenth Circuit

December 16, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARTIN R. VANDEMERWE,

Defendant–Appellant.

No. 09-4186
(D.C. No. 2:07-CR-00111-DB-1)
(D. Utah)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Martin Vandemerwe appeals his conviction for possession of methamphetamine with intent to distribute. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

On June 1, 2006, police obtained a search warrant for Vandemerwe's basement apartment in West Jordan, Utah. The warrant was based largely on

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

information provided by two confidential informants to Detective Rapela, the supporting affiant. According to Rapela's affidavit, the first confidential informant ("CI#1") told Rapela of a person named "Martin" who was selling methamphetamine in West Jordan. CI#1 reported giving an acquaintance a ride to a certain apartment, where the acquaintance purchased an ounce of methamphetamine. After CI#1 identified the apartment, Rapela learned that "Martin" was Martin Vandemerwe through an independent investigation.

The second confidential informant ("CI#2") was James Mickelsen. While conducting surveillance of Vandemerwe's apartment, Rapela observed a vehicle parked in Vandemerwe's driveway that was registered to Mickelsen. When Mickelsen departed, Rapela stopped his vehicle pursuant to an existing arrest warrant and discovered approximately eleven grams of methamphetamine on Mickelsen's person. Mickelsen admitted to Rapela that he obtained the methamphetamine from Vandemerwe, and stated that Vandemerwe had approximately two to three ounces of methamphetamine in his residence. Rapela informed Mickelsen his cooperation would be shared with the prosecutor.

Also included in Rapela's affidavit was information obtained from Detective Shumway of the West Jordan City Police Department. Shumway told Rapela that she knew Vandemerwe's apartment to be a "drug house" at which she had arrested Jeff Pickelsimer, a known drug user.

While Rapela obtained the search warrant, other officers observed two

2

women, later identified as Joanna Wood and Audrey Reinhardt, enter Vandemerwe's apartment and leave twenty to thirty minutes later. When an officer approached the women's vehicle, Wood admitted to the officer that she had methamphetamine in her purse. Wood and Reinhardt were taken into custody.

Rapela returned to Vandemerwe's apartment with the search warrant, took Vandemerwe into custody, and advised him of his Miranda rights. Vandemerwe initially denied possessing any methamphetamine. However, after Rapela told Vandemerwe that he had just spoken with Wood and Reinhardt, Vandemerwe admitted he had given methamphetamine to Wood a short time earlier. He also admitted he had a small amount of methamphetamine under the bathroom sink. Police proceeded to find a small plastic baggie containing methamphetamine under Vandemerwe's bathroom sink. They also found two types of "cut"—white powdery substances added to methamphetamine to increase its weight.

Vandemerwe denied having any other methamphetamine, claiming that he had given all of his remaining drugs to another person. But after further searching police found a black "Case Logic" bag hidden in a dropped ceiling. The bag contained approximately five ounces of methamphetamine and several plastic baggies. When confronted with the bag, Vandemerwe admitted that it was the methamphetamine he claimed to have given to another person. He also indicated that he owed $1,100 per ounce for the methamphetamine, and expressed

3

concern that he would have to explain the loss of this methamphetamine to his suppliers.

A jury convicted Vandemerwe on one count of possession of methamphetamine with intent to distribute.

## II

Vandemerwe first claims that the government violated his right to due process by failing to preserve the methamphetamine seized from Mickelsen. However, the record on appeal does not demonstrate that police actually failed to preserve this evidence. During the cross-examination of Rapela, defense counsel inquired about the methamphetamine seized from Mickelson:

> Q. The items that we have introduced into evidence, 16, 17 and 18, number 16 is the meth from Wood's purse; is that right?
> A. Yes.
> Q. 17 is the meth from under the sink?
> A. Yes.
> Q. 18 is the Case Logic bag and the contents?
> A. Yes.
> Q. Including the methamphetamine that was in there?
> A. No. I believe the methamphetamine was marked as an exhibit.
> Q. 15?
> A. Yes.
> Q. We don't have the meth that was seized from Mr. Mickelsen, do we?
> A. No, sir.
> Q. Is that in existence today or did that get destroyed?
> A. I am not certain.

This exchange reveals that the drugs seized from Mickelsen were not in court, and that Rapela was unsure whether the drugs had been destroyed. At best, the record is ambiguous as to whether the drugs were preserved. Vandemerwe did

not question Rapela on this specific point, nor did he advance his due process argument before the district court.

"When a party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it." 10th Cir. R. 10.3(B). We have noted that "[a]n appellant who provides an inadequate record does so at his peril." Dikeman v. Nat'l Educators, Inc., 81 F.3d 949, 955 (10th Cir. 1996) (citation omitted). Our sister circuits have observed that destruction of the evidence claims must be raised before the district court to be considered on appeal. See United States v. Larkins, No. 95-5685, 1996 WL 411216, at *2-3 (6th Cir. July 22, 1996) (unpublished); United States v. Robinson, 503 F.2d 208, 214 (7th Cir. 1974) ("[F]ailure to raise the issue below denied the trial judge an opportunity to pass on the factual questions . . . this has left the record so incomplete that we cannot resolve it . . . .").

Because Vandemerwe did not raise this issue before the district court, he forfeited the issue, and the record is inadequate to support appellate review.[1] We will not assume that the drugs were destroyed on the sole basis of Rapela's ambiguous testimony. Rather we decline to address the issue given

---

[1] The concurrence emphasizes the distinction between an appellant's failure to develop an adequate record below and his failure to submit an adequate record for appellate review. In the instant case, this is a distinction without a difference. Whether Vandemerwe failed to develop the record at trial or merely submitted an incomplete record is irrelevant, because the result is the same: we do not have an adequate record for appellate review. Failure to submit an adequate record necessarily follows from the failure to develop the record below.

Vandemerwe's failure to develop an adequate record.[2]

## III

Vandemerwe next argues that the district court erred by failing to hold a hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), on the veracity of the warrant affidavit. "[W]e have not expressly indicated what standard of review applies to a district court's refusal to conduct a <u>Franks</u> hearing." <u>United States v. Archuleta</u>, 222 F. App'x 710, 715 (10th Cir. 2007) (unpublished). Our sister circuits are split with respect to the appropriate standard of review on this issue. <u>See</u> <u>United States v. Stewart</u>, 306 F.3d 295, 304 (6th Cir. 2002). Some employ a clear error standard of review. <u>See</u> <u>United States v. Buchanan</u>, 985 F.2d 1372, 1378 (8th Cir. 1993); <u>United States v. Skinner</u>, 972 F.2d 171, 177 (7th Cir. 1992); <u>United States v. Hadfield</u>, 918 F.2d 987, 992 (1st Cir. 1990); <u>United States v. 15 Black Ledge Drive</u>, 897 F.2d 97, 100 (2d Cir. 1990). Other circuits apply a de novo standard of review. <u>See</u> <u>United States v. Gonzalez, Inc.</u>, 412 F.3d 1102, 1110 (9th Cir. 2005); <u>United States v. Martin</u>, 332 F.3d 827, 833 (5th Cir. 2003). It is not necessary to resolve the standard of review in this case, because we would affirm the district court's determination under either standard.

---

[2] The Sixth Circuit has indicated that plain error review of destroyed evidence claims may be appropriate in some cases. <u>See</u> <u>United States v. Edge</u>, 989 F.2d 871, 876 (6th Cir.1993) (per curiam). Even if plain error review were applicable (which we do not decide), we conclude that the district court did not plainly err given the absence of evidence plainly showing that the methamphetamine at issue was actually destroyed. <u>See</u> <u>United States v. James</u>, 257 F.3d 1173, 1182 (10th Cir. 2001) (to obtain relief under plain error standard, alleged error must be plain or obvious).

Under <u>Franks</u>, there is a "presumption of validity with respect to the affidavit supporting the search warrant." 438 U.S. at 171.

> Before the defendant will be entitled to [a <u>Franks</u>] hearing, however, the defendant must allege deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. Affidavits of witnesses should be provided to the court or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. If these requirements are met, then the defendant must show that the remaining content of the warrant affidavit is insufficient to support a finding of probable cause. The standards of deliberate falsehood and reckless disregard set forth in <u>Franks</u> apply to material omissions, as well as affirmative falsehoods.

<u>United States v. Artez</u>, 389 F.3d 1106, 1116 (10th Cir. 2004) (quotations and citations omitted).

Rapela's affidavit states that CI#1 reported giving an acquaintance a ride to Vandemerwe's apartment, where the acquaintance purchased methamphetamine. Vandemerwe offered an affidavit from an investigator who interviewed the acquaintance. According to the investigator's affidavit, the acquaintance denied purchasing methamphetamine. However, Vandemerwe has not alleged that Rapela knew of this alleged falsehood or recklessly disregarded it. Nor does the investigator's affidavit contradict any statement contained in Rapela's affidavit.

Vandemerwe also contends that the affidavit was problematic because Rapela failed to mention that the basis for referring to Vandemerwe's apartment as a "drug house" was an arrest that occurred two years earlier. The affidavit refers to the arrest, but does not provide a timeframe. This challenge fails because the timing of the arrest would not refute the existence of probable cause.

7

See id., 389 F.3d at 1117 (omission of the fact that defendant's two prior arrests occurred "many years ago and did not result in convictions" was immaterial to the probable cause analysis).

Finally, Vandemerwe argues that a Franks hearing was required because Rapela omitted certain information regarding his interaction with Mickelsen, a/k/a CI#2. Specifically, Vandemerwe argues that the affidavit should have included: (1) the fact that Rapela communicated to Mickelsen his suspicion that Vandemerwe was the source of Mickelsen's methamphetamine; and (2) the fact that Rapela told Mickelsen he might receive lenient treatment if he provided reliable information. But neither putative omission was actually left out of the affidavit. First, Rapela's affidavit states that "CI#2 admitted the methamphetamine your affiant had discovered had just been given to him by VANDEMERWE." This statement conveys that it was Rapela who suggested that the methamphetamine originated with Vandemerwe. Second, Rapela states in his affidavit that "[y]our affiant told CI#2 that their [sic] cooperation would be passed on to the prosecutor in his/her case for consideration." Thus, Rapela included his suggestion to Mickelsen of the possibility of lenient treatment.

Vandemerwe has not met his burden of presenting proof to entitle him to a Franks hearing. We therefore affirm the district court's order denying Vandemerwe's motion.

**IV**

8

Lastly, Vandemerwe argues the evidence was insufficient to establish that he possessed the methamphetamine discovered in the "Case Logic" bag because it was discovered in an area of the house accessible by his part-time roommate, Mickelsen. Vandemerwe did not raise the issue of the sufficiency of the evidence before the district court, and thus we review only for plain error. United States v. Kaufman, 546 F.3d 1242, 1247 (10th Cir. 2008), cert. denied, 130 S. Ct. 1013 (2009).

> Even though we must review their sufficiency of the evidence claim for plain error, a conviction in the absence of sufficient evidence of guilt is plainly an error, clearly prejudiced the defendant, and almost always creates manifest injustice. Therefore, plain error review and de novo review are functionally equivalent so long as the fourth prong of plain error review—that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings—is also met.

Id. at 1263 (quotation omitted).

"Evidence is sufficient to support a conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government." United States v. Nelson, 383 F.3d 1227, 1229 (10th Cir. 2004). Evidence is evaluated by "considering the collective inferences to be drawn from the evidence as a whole." Id. We do not weigh conflicting evidence or second-guess the fact-finding decisions of the jury. See Van Nattan v. United States, 357 F.2d 161, 162 (10th Cir. 1966).

"Constructive possession exists when a person does not have actual

9

possession, but knowingly holds the power to exercise dominion and control over an object." United States v. Sullivan, 919 F.2d 1403, 1430 (10th Cir. 1990) (quotations omitted).

> In cases of joint occupancy, where the government seeks to prove constructive possession by circumstantial evidence, it must present evidence to show some connection or nexus between the defendant and the firearm or other contraband. A conviction based upon constructive possession will be upheld only when there is some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon or contraband.

United States v. Mills, 29 F.3d 545, 549-550 (10th Cir. 1994) (quotations and alteration omitted).

According to Rapela's testimony, when police discovered the "Case Logic" bag of methamphetamine in the ceiling, Vandemerwe stated that he owed $1,100 an ounce for that methamphetamine, and that the methamphetamine was the same five ounces he claimed to have given to another person. This testimony provides the requisite nexus between Vandemerwe and the methamphetamine required to establish constructive possession. Vandemerwe's statements, relayed by Rapela, indicate not only knowledge of, but also control and dominion over, the methamphetamine in the "Case Logic" bag. Viewed in the light most favorable to the government, the evidence was sufficient for a reasonable juror to conclude beyond a reasonable doubt that Vandemerwe constructively possessed that methamphetamine.

**V**

10

For the foregoing reasons, we **AFFIRM** the district court's ruling and Vandemerwe's conviction.

Entered for the Court


Carlos F. Lucero
Circuit Judge

09-4186, <u>United States v. Vandemerwe</u>

**HOLMES**, Circuit Judge, concurring.

I appreciate the thoughtful work reflected in the principal opinion in this case. I concur in its outcome and embrace the lion's share of its reasoning. In particular, that opinion holds in part that Mr. Vandemerwe forfeited his failure-to-preserve-evidence claim and that the record is inadequate to support appellate review. I do not disagree with these holdings. However, I write separately to explicate the basis for my agreement. In particular, I seek to clarify that, as to the inadequacy of the record, the problem is not that Mr. Vandemerwe failed to <u>submit</u> an adequate record (e.g., documents or transcripts reflecting the district court proceedings) to this court on appeal, but rather that he failed to <u>develop</u> before the district court adequate facts that would allow us to make a legal ruling concerning the purported failure to preserve evidence.

As the principal opinion establishes, Mr. Vandemerwe failed to raise the preservation-of-evidence issue below. A litigant's failure to raise an issue before the district court generally results in "forfeiture" of that issue on appeal. <u>United States v. Jarvis</u>, 499 F.3d 1196, 1201 (10th Cir. 2007). Although we may exercise our discretion in certain instances to entertain an issue despite a lack of preservation, <u>id.</u>, our case law indicates that we should not address an issue raised for the first time on appeal when it would require us to resolve factual disputes, or when the evidence presented at trial is insufficient to permit us to resolve adequately the legal issues presented on appeal. <u>See, e.g.</u>, <u>id.</u> at 1202 (stating that

the court will address new issues on appeal where "no additional findings of fact or presentation of evidence [are] required for the issue's disposition"); United States v. Easter, 981 F.2d 1549, 1556 (10th Cir. 1992) ("[P]lain error review is not appropriate when the alleged error involves the resolution of factual disputes."); cf. United States v. Hamilton, 587 F.3d 1199, 1216 n.9 (10th Cir. 2009) ("By failing to present the [Fifth and Fourth Amendment suppression] claims to the district court, Mr. Hamilton effectively prevented the court from making factual findings that would be germane to the disposition of Mr. Hamilton's claims . . . . Accordingly, we would not be situated on this sparse and deficient record to conclude [under plain error review] that any errors by the district court concerning Mr. Hamilton's Fifth and Fourth Amendment claims were obvious and clear.").

Due to the factual nature of such claims, at least one of our sister circuits has concluded that destruction-of-the-evidence claims generally must be raised before the district court to be considered on appeal. See United States v. Robinson, 503 F.2d 208, 214 (7th Cir. 1974) ("[F]ailure to raise the [destruction-of-evidence] issue below denied the trial judge an opportunity to pass on the factual questions involved . . . . [T]his has left the record so incomplete that we cannot resolve it . . . .").

In this case, the record developed before the district court did not establish whether the drugs had been preserved or destroyed; that is, the evidence produced

-2-

at trial was insufficient to establish that fact. When asked whether the methamphetamine seized from Mr. Mickelsen was "in existence today" or was "destroyed," Detective Rapela stated that he "was not certain." Detective Rapela also acknowledged that the government "d[id]n't have the meth that was seized from Mr. Mickelsen" as an exhibit before the court; however, this ambiguous acknowledgment does not establish that the drugs were destroyed or that the government failed to preserve them. At most, Detective Rapela's testimony establishes that the evidence seized from Mr. Mickelsen was not admitted into evidence at trial, and that Detective Rapela was unsure of its whereabouts at that time. Because the record developed before the district court leaves open important factual issues—most notably, whether the evidence seized from Mr. Mickelsen was in fact lost or destroyed—the record is inadequate to permit resolution of Mr. Vandemerwe's claim that the government failed to preserve evidence. Therefore, we decline to review this claim.

As explained, Mr. Vandemerwe has lost his right to appellate review of his forfeited claim because he failed to <u>develop</u> an adequate record before the district court. I respectfully submit that the principal opinion's analysis does not properly reflect this fact; indeed, it obscures it. The principal opinion rests its holding on the premise that Mr. Vandemerwe has failed to "provide" an adequate record to this court on appeal. In support of its holding, the principal opinion cites Tenth Circuit Rule 10.3(B), which states that "[w]hen the party asserting an

-3-

issue fails to provide a record sufficient for considering that issue, the court may decline to consider it."  However, Rule 10.3 governs the "content" of the physical record submitted to the court on appeal—for example, by enumerating the "essential" and "required" contents that must be included in the appellate record. 10th Cir. R. 10.3(A), (C).

This court has applied Rule 10.3(B) in cases where, unlike here, the appellant has submitted an incomplete record of the proceedings below.  See, e.g., Allan v. Springville City, 388 F.3d 1331, 1334 (10th Cir. 2004) (refusing to consider the appellant's challenge to a jury instruction because she failed to "submit an adequate record" in that "her appendix d[id] not include the transcript of the jury instruction conference" (citing 10th Cir. R. 10.3(B))); Travelers Indemnity Co. v. Accurate Autobody, Inc., 340 F.3d 1118, 1121 (10th Cir. 2003) ("The failure of both appellant and cross-appellant to include in the appendix the document that controls the resolution of the issues on appeal—the Travelers insurance policy issued to Autobody—deprives them of the right to challenge the judgment of the district court."); King v. Unocal Corp., 58 F.3d 586, 588 (10th Cir. 1995) (The appellant "failed to provide us with a copy of the pages of transcript containing his objections to several of the challenged instructions. Because Appellant did not provide us with a proper record, we cannot review his appellate issue." (citing 10th Cir. R. 10.3(B))); see also, e.g., United States v. Gutierrez-Vasquez, 373 F. App'x 860, 862 (10th Cir. 2010) (refusing to consider

-4-

whether the appellant's plea was voluntary because "neither Mr. Gutierrez-Vasquez nor his counsel have submitted the transcript of his plea hearing for our review or provided any other information regarding the hearing for us to consider, other than the Plea Minute Sheet" (citing 10th Cir. R. 10.3(B))).

There is no indication here that the record before this court on appeal is somehow incomplete because Mr. Vandemerwe failed to submit necessary portions of it to us. Therefore, the principal opinion's reliance on Rule 10.3, and case law applying that rule, is misplaced. Nevertheless, I agree with that opinion's ultimate determination that Mr. Vandemerwe forfeited his failure-to-preserve-evidence claim and that the record is inadequate to support appellate review.