HOLMES, Circuit Judge,
concurring.
I appreciate the thoughtful work reflected in the principal opinion in this case. I concur in its outcome and embrace the lion’s share of its reasoning. In particular, that opinion holds in part that Mr. Vandemerwe forfeited his failure-to-preserve-evidence claim and that the record is inadequate to support appellate review. I do not disagree with these holdings. However, I write separately to explicate the basis for my agreement. In particular, I seek to clarify that, as to the inadequacy of the record, the problem is not that Mr. Vandemerwe failed to submit an adequate record (e.g., documents or transcripts reflecting the district court proceedings) to this court on appeal, but rather that he failed to develop before the district court adequate facts that would allow us to make a legal ruling concerning the purported failure to preserve evidence.
As the principal opinion establishes, Mr. Vandemerwe failed to raise the preserva *350 tion-of-evidence issue below. A litigant’s failure to raise an issue before the district court generally results in “forfeiture” of that issue on appeal. United States v. Jarvis, 499 F.3d 1196, 1201 (10th Cir.2007). Although we may exercise our discretion in certain instances to entertain an issue despite a lack of preservation, id., our case law indicates that we should not address an issue raised for the first time on appeal when it would require us to resolve factual disputes, or when the evidence presented at trial is insufficient to permit us to resolve adequately the legal issues presented on appeal. See, e.g., id. at 1202 (stating that the court will address new issues on appeal where “no additional findings of fact or presentation of evidence [are] required for the issue’s disposition”); United States v. Easter, 981 F.2d 1549, 1556 (10th Cir.1992) (“[P]lain error review is not appropriate when the alleged error involves the resolution of factual disputes.”); cf. United States v. Hamilton, 587 F.3d 1199, 1216 n. 9 (10th Cir.2009) (“By failing to present the [Fifth and Fourth Amendment suppression] claims to the district court, Mr. Hamilton effectively prevented the court from making factual findings that would be germane to the disposition of Mr. Hamilton’s claims.... Accordingly, we would not be situated on this sparse and deficient record to conclude [under plain error review] that any errors by the district court concerning Mr. Hamilton’s Fifth and Fourth Amendment claims were obvious and clear.”).
Due to the factual nature of such claims, at least one of our sister circuits has concluded that destruction-of-the-evidence claims generally must be raised before the district court to be considered on appeal. See United States v. Robinson, 503 F.2d 208, 214 (7th Cir.1974) (“[F]ailure to raise the [destruction-of-evidence] issue below denied the trial judge an opportunity to pass on the factual questions involved.... [T]his has left the record so incomplete that we cannot resolve it.... ”).
In this case, the record developed before the district court did not establish whether the drugs had been preserved or destroyed; that is, the evidence produced at trial was insufficient to establish that fact. When asked whether the methamphetamine seized from Mr. Mickelsen was “in existence today” or was “destroyed,” Detective Rapela stated that he “was not certain.” Detective Rapela also acknowledged that the government “d[id]n’t have the meth that was seized from Mr. Mickelsen” as an exhibit before the court; however, this ambiguous acknowledgment does not establish that the drugs were destroyed or that the government failed to preserve them. At most, Detective Rape-la’s testimony establishes that the evidence seized from Mr. Mickelsen was not admitted into evidence at trial, and that Detective Rapela was unsure of its whereabouts at that time. Because the record developed before the district court leaves open important factual issues — most notably, whether the evidence seized from Mr. Mickelsen was in fact lost or destroyed— the record is inadequate to permit resolution of Mr. Vandemerwe’s claim that the government failed to preserve evidence. Therefore, we decline to review this claim.
As explained, Mr. Vandemerwe has lost his right to appellate review of his forfeited claim because he failed to develop an adequate record before the district court. I respectfully submit that the principal opinion’s analysis does not properly reflect this fact; indeed, it obscures it. The principal opinion rests its holding on the premise that Mr. Vandemerwe has failed to “provide” an adequate record to this court on appeal. In support of its holding, the principal opinion cites Tenth Circuit Rule 10.3(B), which states that “[w]hen the party asserting an issue fails to provide a *351 record sufficient for considering that issue, the court may decline to consider it.” However, Rule 10.3 governs the “content” of the physical record submitted to the court on appeal — for example, by enumerating the “essential” and “required” contents that must be included in the appellate record. 10th Cir. R. 10.3(A), (C).
This court has applied Rule 10.3(B) in cases where, unlike here, the appellant has submitted an incomplete record of the proceedings below. See, e.g., Allan v. Springville City, 388 F.3d 1331, 1334 (10th Cir.2004) (refusing to consider the appellant’s challenge to a jury instruction because she failed to “submit an adequate record” in that “her appendix d[id] not include the transcript of the jury instruction conference” (citing 10th Cir. R. 10.3(B))); Travelers Indemnity Co. v. Accurate Autobody, Inc., 340 F.3d 1118, 1121 (10th Cir.2003) (“The failure of both appellant and cross-appellant to include in the appendix the document that controls the resolution of the issues on appeal — the Travelers insurance policy issued to Autobody — deprives them of the right to challenge the judgment of the district court.”); King v. Unocal Corp., 58 F.3d 586, 588 (10th Cir.1995) (The appellant “failed to provide us with a copy of the pages of transcript containing his objections to several of the challenged instructions. Because Appellant did not provide us with a proper record, we cannot review his appellate issue.” (citing 10th Cir. R. 10.3(B))); see also, e.g., United States v. Gutierrez-Vasquez, 373 Fed.Appx. 860, 862 (10th Cir.2010) (refusing to consider whether the appellant’s plea was voluntary because “neither Mr. Gutierrez-Vasquez nor his counsel have submitted the transcript of his plea hearing for our review or provided any other information regarding the hearing for us to consider, other than the Plea Minute Sheet” (citing 10th Cir. R. 10.3(B))).
There is no indication here that the record before this court on appeal is somehow incomplete because Mr. Vandemerwe failed to submit necessary portions of it to us. Therefore, the principal opinion’s reliance on Rule 10.3, and case law applying that rule, is misplaced. Nevertheless, I agree with that opinion’s ultimate determination that Mr. Vandemerwe forfeited his failure-top-reserve-evidence claim and that the record is inadequate to support appellate review.