**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 09a0734n.06**

**No. 06-4306**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Nov 12, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| RAY A. HOWELL, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |

**BEFORE:  NORRIS AND COLE, Circuit Judges; ADAMS, District Judge.**[*]

**JOHN R. ADAMS, District Judge.**  Defendant Ray A. Howell appeals from his sentence of 90 months incarceration.  We **VACATE and REMAND**.

On April 6, 2006, a grand jury indicted Howell in an indictment that included nine defendants and twenty-one total counts.  In the indictment, Howell was charged under Count 16 (conspiracy to possess with intent to distribute more than 500 grams of cocaine) and Count 17 (possession with intent to distribute more than 500 grams of cocaine).  On June 7, 2006, Howell pleaded guilty to Count 16, and Count 17 was dismissed.  On September 20, 2006, the district court sentenced Howell to 90 months incarceration, after calculating an advisory guideline range of 87-108 months.  Howell timely appealed and now challenges the procedural reasonableness of his sentence.

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

After announcing Howell's sentence, the sentencing judge, as required by *U.S. v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), asked the parties whether they had "any objections to the sentence just pronounced that have not been previously raised?" Howell raised no objection to the Court's discussion of the § 3553(a) factors. Accordingly, we review the district court's decision for plain error.

"Plain error is defined as an egregious error, one that directly leads to a miscarriage of justice." *U.S. v. Busacca*, 863 F.2d 433, 435 (6th Cir. 1988). Plain error occurs when "(1) there was an error, (2) that is clear and obvious, and (3) that affects substantial legal rights" and 4) where that error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *U.S. v. Angel*, 355 F.3d 462, 469 (6th Cir. 2004).

This Court reviews the district court's sentencing determination for procedural and substantive reasonableness. *See Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597 (2007); *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007). We "first ensure that the district court committed no significant procedural error, such as ... failing to consider the § 3553(a) factors ... or failing to adequately explain the chosen sentence[.]" *Gall*, 128 S.Ct. at 597. With respect to this latter issue, the Supreme Court in *Rita v. United States*, 551 U.S. 338, 356 (2007), made clear that a district court should exercise its discretion in determining how much explanation is necessary and that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." A district judge, therefore, need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.*

During his sentencing hearing, Howell requested a below-guidelines sentence. In support, Howell argued that 1) the instant conviction was his first involvement in any type of drug offense, 2) he had been successfully employed for several years prior to the offense, 3) he was motivated to earn money in this manner to assist his mother because she had recently been diagnosed with cancer, 4) he provided the Government with full details of his involvement in the offense immediately, and 5) he submitted letters on his behalf indicated that it was unlikely he would engage in this conduct in the future. When it imposed sentence, the district court acknowledged that it had received letters in support of Howell. The district court then stated that it had considered the appropriate factors under § 3553. In conclusion, the court stated that "[c]onsidering the serious nature of this crime as well as the defendant's criminal history, a sentence of 90 months is justified." J.A. at 66. As the sentencing hearing neared its end, the district court stated that it had reviewed the "3553(a) statutory factors and the information in the Presentence Report" prior to reaching its conclusion that a within-guidelines sentence was reasonable.

The Government is correct that the district court is not required to engage in a "ritual incantation" of the proper sentencing factors. *See United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005).

> Emphasizing that "[j]udicial decisions are reasoned decisions," *Rita* exhorts the sentencing judge to satisfy the procedural requirement of "set[ting] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." The amount of reasoning required varies according to context. *Rita* indicates that when a sentencing judge concurs with the Sentencing Commission's conclusion that a within-Guidelines sentence is appropriate for a given defendant, the explanation for the sentence generally need not be lengthy. "Whe[n] the defendant or prosecutor

> presents nonfrivolous reasons for imposing a different sentence, however, the judge
> will normally go further and explain why he has rejected those arguments."

*United States v. Liou*, 491 F.3d 334, 338 (6th Cir. 2007) (citing and quoting *Rita*, 551 U.S. at 356-57).

Upon review of the Court's precedents, *Thomas*, *supra*, most closely resembles the facts at hand. In finding Thomas's sentence procedurally unreasonable, this Court held that "the district court's only mention of Thomas's numerous arguments for a lower sentence was the statement, 'I certainly have received [the sentencing memorandum], read it and understand its presentations.'" *Thomas,* 498 F.3d at 341. This record left the Court "unsure as to whether the district court adequately considered and rejected Thomas's arguments" regarding § 3553 and its application. *Id.*

Similar to the district court in *Thomas*, this district court mentioned that it had read and considered the presentence report that contained many of the facts relied upon by Howell. The Court, however, did not discuss any of the arguments raised by Howell. Furthermore, while it recited the statutory language in § 3553(a), the Court failed to meaningfully apply those factors to the facts of Howell's conviction. During the sentencing hearing, the district court made several factual observations. For example, the court clarified the length of Howell's prior employment, acknowledged the personal letters submitted on Howell's behalf, and noted that Howell was involved in distributing four kilograms of cocaine powder. While noting these facts, the district court gave no indication of the significance or lack of significance attached to each fact. While this Court has made clear that the district court need only demonstrate that it has considered a

defendant's arguments and exercised its own discretion, the Court cannot make such a conclusion based on Howell's sentencing hearing.

The Court's inability to review the district court's purported exercise of discretion is highlighted by examining the sentencing of Howell's co-defendant, Alvin Fenderson. In sentencing Fenderson, the district court used nearly identical language, reciting the statutory language in § 3553(a) and stating that it had considered the statutory factors. *See U.S. v. Fenderson,* Case No. 07-4482 (consolidated with this matter for the purpose of oral argument). While Howell received a sentence near the bottom of the guideline range (90 months based upon a range of 87-108 months), Fenderson received a sentence at the top of the guideline range (262 months based upon a range of 210-262 months). By simply reciting the statutory language in each case, the district court gave no indication of the weight it applied to any of the factors, nor did it indicate the weight or lack thereof given to any of Howell's arguments.

There is no question that the district court demonstrated its knowledge of the § 3553(a) factors. Further, the court explicitly stated that it had considered those factors when imposing sentence. However, rote recitation of the statutory language does not provide this Court the ability to review the trial court's exercise of its discretion. If trial courts were permitted to simply recite the statutory language in § 3553(a), any substantive reasonableness review would effectively be precluded. *See United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2007) (noting that a substantive reasonableness requires review of whether the sentence was based on impermissible factors, failed to take into consideration pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor). Accordingly, we find that the district court committed plain error when it

sentenced Howell.  We **VACATE and REMAND** for a resentencing that adequately explains the

district court's *application* of the § 3553(a) factors to Howell's sentence.

**ALAN E. NORRIS, Circuit Judge, dissenting.** The Majority reminds us that plain error is "an egregious error, one that leads to a miscarriage of justice." Maj. Op. at 2 (quoting *United States v. Busacca*, 863 F.2d 433, 435 (6th Cir. 1988)). In this case, I detect no error, let alone an egregious one. I therefore respectfully dissent.

As the Majority recognizes, district courts have received mixed messages with regard to precisely how much explanation is required when imposing a sentence. Obviously, meaningful appellate review for procedural and substantive reasonableness is impossible if the district court merely recites the factors outlined in 18 U.S.C. § 3553(a) without applying them to defendant's arguments. However, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). As the Court recognized, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." *Id.* In my view, the district court in this case gave sufficient explanation to satisfy us that it had considered defendant's arguments and had a reasoned basis for the sentence imposed. *Id.*

At sentencing, the district court specifically acknowledged three of defendant's six arguments: his current length of employment; that his robbery conviction occurred long ago; and the letters that his pastor and drug-treatment counselors had written on his behalf. Moreover, defense counsel reminded the court of the remaining three arguments at sentencing: this was defendant's first drug trafficking conviction; he had participated in order to obtain money for his cancer-stricken mother; and he had told the government everything he knew about the offense. The first two of these arguments are discussed in the pre-sentence report, and the district court explicitly noted that it had

considered that document in arriving at its sentence. Also, as with all guidelines calculations, the defendant's criminal history was an integral part of determining the guidelines range itself, so the fact that this was defendant's first drug trafficking conviction was considered by the court. Although the pre-sentence report did not explicitly state that defendant had told the authorities everything, it recommended a downward adjustment to his base offense score of two levels for acceptance of responsibility. Finally, defendant received a sentence at the low end of the guidelines range: 90 months in a range of 87-108.

While the Majority relies upon *United States v. Thomas*, 498 F.3d 336 (2007), the sentencing hearing in that case differed markedly from the one we are reviewing. In *Thomas*, we concluded that the sentence the district court had imposed was procedurally unreasonable because "[t]he record makes clear that the district court considered the applicable Guidelines range, but not much else." *Id.* at 340. We also restated the rule of this circuit that "we will vacate a sentence if the context and the record do not make clear the court's reasoning" for imposing the sentence it ultimately chose. *Id.* (quotations omitted). By contrast, as discussed above, the district court in the instant case explicitly considered far more material and acknowledged the arguments advanced by defendant.

For all these reasons, I would affirm defendant's sentence.