NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0097n.06

No. 08-5497

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 10, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| MARTIN COOTS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, CLAY, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Martin Coots challenges the reasonableness of his sentence, the sufficiency of the evidence supporting his conviction, and the Government's destruction of potentially exculpatory evidence. The arguments lack merit. The within-Guidelines sentence of 155 months for manufacturing more than 1,000 marijuana plants is substantively reasonable, and the district court's reasons, albeit cursory, were procedurally sufficient under plain error review. Moreover, testimony of the police officers who counted the plants was sufficient for the jury to find the number of plants to be greater than 1,000, notwithstanding the fact that most of the plants had been promptly destroyed pursuant to police policy. Such destruction, moreover, was not a violation of Coots' due process rights, where no bad faith was shown.

I

A confidential informant made two controlled drug purchases from Coots in February and May 2005, which were recorded on videotape. Based on this evidence, police obtained a search warrant. On May 20, 2005, officers searched Coots' home and discovered 1,233 marijuana plants growing on the property, as well as several bags of processed marijuana and other controlled substances, and several firearms.

A five-count indictment charged Coots with manufacturing 1,000 or more marijuana plants, distributing marijuana, and possessing firearms as a convicted felon. At trial, Detectives Sean Blair and James Grigsby testified that they carefully counted 1,233 plants with root systems, and the Government introduced photographs taken of the plants before they were uprooted. Coots then took the stand and admitted ownership of the drugs and firearms, and acknowledged that he had been growing marijuana for 25 years, but disputed the number of plants found on his property. Coots testified that although he did not know the exact number of plants, it was less than 1,000. The jury convicted Coots on all five counts.

The drug quantity for which Coots was responsible resulted in a base offense level of 26. After factoring in a criminal history category of V and a two-level enhancement for possessing a dangerous weapon, Coots' guideline range was 130 to 162 months. Defense counsel stated there were no objections to the presentence report. The district court overruled the Government's objection to the presentence report, declining to impose an additional enhancement for obstruction of justice based on Coots' testimony at trial. The court stated that it would "adopt the factual findings and the advisory guideline applications that are in the presentence report." The court added

that it "determines that the appropriate sentencing guideline range, which of course is advisory as it pertains to this defendant, is from 130 to 162 months."

The court subsequently asked defense counsel to address factors that the court should consider. Defense counsel requested that the court take into account the five-and-a-half months that Coots had spent in state custody, and the court indicated that it would do so in the context of imposing sentence. Defense counsel next argued that many of the plants were tiny and would not have grown to maturity. Counsel also argued that, while Coots was not entitled to a reduction for acceptance of responsibility, he at least did not try to shift blame to someone else. Government counsel argued in response that all the plants qualified and that Coots was not contrite. The court announced that it was sentencing Coots to 155 months and asked both parties if there was any legal reason the stated sentence should not be imposed. *See United States v. Bostic,* 371 F.3d 865, 872 (6th Cir. 2004). Coots raised no objection to the court's explanation for the sentence or its discussion of the factors.

On October 26, 2007, Coots filed a motion under 28 U.S.C. § 2255, arguing that trial counsel failed to file a timely notice of appeal as requested. The motion was granted and Coots was resentenced on April 10, 2008, to the same term of imprisonment. After filing a timely notice of appeal, however, counsel submitted an *Anders* brief and moved to withdraw. New counsel was appointed on June 29, 2009. On appeal, Coots raises—for the first time—challenges to the reasonableness of his sentence and to the evidence supporting the jury's finding of 1,000 or more marijuana plants, as well as due process and prosecutorial misconduct claims.

II

Coots first claims that his sentence is procedurally unreasonable because the district court did not adequately explain the sentence. Coots argues that the court did not give specific reasons for rejecting his request for a sentence at the bottom of the guideline range, and that the court did not consider (or at least discuss) all of the § 3553(a) factors. Because Coots failed to raise these objections in response to the *Bostic* question, review is for plain error. *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc) (citing *Bostic*, 371 F.3d at 872-73). Under this standard, Coots must demonstrate that the district court's error was obvious or clear, affected his substantial rights, and affected the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Houston*, 529 F.3d 743, 750 (6th Cir. 2008).

The district court did not plainly err in sentencing Coots. First, it is clear from the sentencing transcript why the court rejected Coots' arguments for an alternative sentence. *See* 18 U.S.C. § 3553(c). Coots argued that some of the marijuana plants were small and might not have survived to maturity. The court obviously accepted the Government's response that the jury could find the plants to be plants. Defense counsel also argued that, although no reduction for acceptance of responsibility was available, Coots had not tried to shift blame on others. This general argument, on the order of "my client is not so bad," did not call for an explicit ruling. The reasonableness of a district court's explanation will often turn—as it does here—on the conceptual simplicity of the defendant's arguments and whether the court imposed a within-Guidelines sentence. *See Vonner*, 516 F.3d at 388. Because Coots offered at most two conceptually very simple arguments for a sentence within the guideline range, the court's response in this case was adequate. *See id.* at 387. The record leaves no doubt as to why defense counsel's two arguments were rejected.

Coots argues that the court's statements were not adequate because they were made before the parties presented their § 3553(a) arguments. But even if the court had said nothing at all, "[§ 3553(c)] does not say that courts must give the reasons for rejecting any and all arguments by the parties for alternative sentences." *Vonner*, 516 F.3d at 387. In this case, the district court was familiar with Coots' criminal history and personal characteristics from the presentence report, and understood that he had served five-and-a-half months while awaiting trial. "The record makes clear that the sentencing judge listened to each argument," "considered the supporting evidence," was "fully aware" of Coots' circumstances, and took "them into account" in sentencing him. *See Rita v. United States*, 551 U.S. 338, 358 (2007). The statute does not require more.

Coots' second argument—that the district court erred by "placing the onus on the parties to raise the factors the court should consider"—misapprehends the mandate of § 3553(a). A district judge is required to consider explicitly only those factors raised by the defendant or that are otherwise particularly relevant. *Houston*, 529 F.3d at 751-52 (citing *United States v. Simmons*, 501 F.3d 620, 625 (6th Cir. 2007)). "There is no requirement that the district court engage in a ritualistic incantation of the § 3553(a) factors it considers." *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005).

Even if the district court erred, Coots has not shown that any error affected his substantial rights. *See Houston*, 529 F.3d at 751. There is no indication that Coots was prejudiced by anything that occurred during the sentencing procedure. "The prejudice in an adequacy-of-explanation challenge comes from the inference that the district court would have reached a different sentence

if it had reasoned properly." *United States v. Gabbard*, 586 F.3d 1046, 1051 (6th Cir. 2009) (citing

*Vonner*, 516 F.3d at 388).

Coots relies on *United States v. Howell*, 352 F. App'x 55, 2009 WL 3765508 (6th Cir. Nov.

9, 2009), in arguing that his adequacy-of-explanation claim survives plain error review. In *Howell*,

the defendant raised a host of mitigation arguments, including: (1) the instant conviction was his first

involvement in any type of drug offense, (2) he had been successfully employed for several years

prior to the offense, (3) he was motivated to earn money by distributing drugs to assist his mother

who had recently been diagnosed with cancer, (4) he provided full details of his involvement in the

offense immediately, and (5) he submitted letters on his behalf indicating that it was unlikely he

would engage in this conduct in the future. *Id.* at *1. We held that the district court's rejection of

these arguments without explanation was plain error. *Id.* at *3. What happened in this case,

however, was quite different. Coots presented two very simple arguments in support of a sentence

at the bottom of the guideline range, and the reasons for rejecting them are clear.

Our decision in *United States v. Blackie*, 548 F.3d 395 (6th Cir. 2008), does not require a

different result. In that case, we held that the district court's failure to provide specific reasons for

an *outside*-Guidelines sentence was prejudicial because it affected the defendant's "substantial right

to meaningful appellate review." *Id.* at 403. Unlike an outside-Guidelines sentence, however, a

within-Guidelines sentence—like Coots' sentence here—remains subject to the ordinary requirement

of a case-specific showing that the sentence would have been different absent the error. *See Vonner*,

516 F.3d at 387 (noting differences between within- and outside-Guidelines sentences).

As for Coots' claim of substantive unreasonableness, Coots has failed to rebut the presumption of reasonableness that attaches to a within-Guidelines sentence. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). First, Coots forfeited any argument that he might have qualified for a downward departure on the basis of an over-represented criminal history by failing to request a departure below. *United States v. Wheaton*, 517 F.3d 350, 370 (6th Cir. 2008). And even if Coots had sought a downward departure, a denial of the request would not be reviewable on appeal. *United States v. Shabazz*, 263 F.3d 603, 611 (6th Cir. 2001). In any event, the fact that courts have granted discretionary departures where the Guidelines overstate a defendant's criminal history does not entitle Coots to one here. Coots had a criminal history twenty years long that included convictions for burglary, wanton endangerment, operating a motor vehicle under the influence of drugs or alcohol (several), and multiple drug offenses. These are not "minor infractions." Nor did they precede a lengthy and unbroken period of well-socialized behavior. *Cf. United States v. Williams*, 432 F.3d 621, 623 (6th Cir. 2005). What is more, Coots admitted that his actual criminal history was even worse than what was reflected in the presentence report, since he testified that he had been growing marijuana for 25 years.

Coots argues that his sentence was "greater than necessary based on numerous facts," including that his drug quantity was "at the low end of the 100-400 kilogram range for his base offense level," his criminal history points were at the low end of his criminal history category, some of his marijuana plants were young and might "not have survived to the point that would endanger the public," and he "cooperated with police." *See* 18 U.S.C. § 3553(a). These arguments are not weighty or compelling enough to overcome the presumption of reasonableness in this case.

III

Coots also challenges the sufficiency of evidence supporting the jury's finding that there were over 1,000 marijuana plants. Because he failed to move for a judgment of acquittal at the close of the evidence, Coots forfeited any objection to the sufficiency of the evidence, and review is limited to whether there was a "manifest miscarriage of justice." *United States v. Penney*, 576 F.3d 297, 315 (6th Cir. 2009). There was not.

Viewed in the light most favorable to the Government, the evidence was sufficient to support the jury's finding that Coots manufactured 1,000 or more marijuana plants. *See United States v. Gunter*, 551 F.3d 472, 482 (6th Cir. 2009). Detectives Blair and Grigsby testified that they removed each plant from its pod and inspected it to make sure it had a root system; that plants with root systems were counted and immediately placed in a bag; and that the officers identified a total of 1,233 plants with root systems. The jury was also shown photographs of the plants before they were uprooted. And the jury heard testimony that a random sample of 50 plants was preserved for laboratory testing while the others were destroyed pursuant to standard procedures. Finally, Coots admitted owning all the plants found growing on his property, and conceded that he had not counted the plants himself and did not know how many plants there were. Resolving all inferences in favor of the Government, a reasonable jury could find that there were over 1,000 marijuana plants. *See United States v. Allen*, 954 F.2d 1160, 1168 (6th Cir. 1992).

Coots also argues that the Government violated his due process rights by destroying most of the marijuana plants and by failing to produce Detective Grigsby's notes from the count. Because Coots did not raise this argument below, review is again limited to whether there has been a "plain

miscarriage of justice." *United States v. Edge*, 989 F.2d 871, 876 (6th Cir. 1993). There was no due process violation in this case because Coots has not established that the Government acted in bad faith. *See Arizona v. Youngblood*, 488 U.S. 51 (1988). Where evidence is not material exculpatory evidence, but merely potentially useful to a defendant, a due process violation occurs only where the evidence was destroyed in bad faith. *Id.* at 57-58. The destroyed plants and Detective Grigsby's unavailable notes are not material exculpatory evidence, *see California v. Trombetta*, 467 U.S. 479, 489 (1984), but rather are merely "potentially useful" to Coots—i.e., they "could have been subjected to tests, the results of which might have exonerated the defendant." *Youngblood*, 488 U.S. at 57.

There is no evidence that the officers acted in bad faith. "The presence or absence of bad faith . . . necessarily turn[s] on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Youngblood*, 488 U.S. at 57 n.*. Coots has not even attempted to demonstrate that the Government was aware of any exculpatory value of Detective Grigsby's notes or the plants themselves. Morever, the officers acted in accordance with their normal practice of preserving only those plants necessary for laboratory testing—a practice we have repeatedly held does not violate due process. *See Allen*, 954 F.2d at 1168-69; *United States v. Smith*, 966 F.2d 1045, 1048-49 (6th Cir. 1992); *United States v. Larkins*, 91 F.3d 145, 1996 WL 411216 (6th Cir. 1996); *United States v. Newton*, 937 F.2d 609, 1991 WL 134571 (6th Cir. 1991).

Coots relies on *United States v. Montgomery*, 676 F. Supp. 2d 1218 (D. Kan. 2009), in which the court held that trial counsel rendered ineffective assistance in failing to challenge the Government's destruction of marijuana plants without photographing them in a way to preserve an accurate count. The court reasoned that the defendant was prejudiced because the police exhibited

bad faith in destroying the plants and failing to preserve photographic evidence. *Id.* at 1240-45. The court inferred bad faith from "the central importance of the plants to the Government's case and the obvious fact that the number of plants and their root formations would be critical to both the prosecution and the defense." *Id.* at 1245. Whatever the state of Tenth Circuit law, the reasoning in *Montgomery* is not binding on this court. There was no physical evidence, like the photographs presented to the jury in this case, to support the drug quantity in *Montgomery*. Most importantly, to the extent the *Montgomery* court inferred bad faith from the plants' potential exculpatory value itself—rather than from whatever exculpatory value was *apparent* to the police—the court misapplied the *Youngblood* standard. *See* 488 U.S. at 57 n.*.

Finally, the prosecutor did not improperly vouch for the credibility of Detectives Blair and Grigsby. Once again, because Coots did not raise this argument below, review is for plain error. *United States v. Young*, 470 U.S. 1, 6-7 (1985).

First, there was no error—much less plain error—because the challenged statements were supported by evidence in the record. *See United States v. Henry*, 545 F.3d 367, 378 (6th Cir. 2008). In his closing argument, the prosecutor reminded the jury that Detectives Blair and Grigsby were "well trained," and asked the jury, "What motive would they have to lie?" These were not the prosecutor's personal beliefs. Both detectives had testified that they were well trained in identifying and counting marijuana plants, and that they individually counted the plants, added the subtotals together, and were confident that the number was 1,233. The prosecutor could properly suggest that the detectives had no motive to lie. A prosecutor has reasonable latitude in making a closing argument, and may appeal to the jury's reason in urging inferences from the record. *United States*

*v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996). Where a case involves two conflicting stories, a prosecutor may reasonably argue that one side is lying. *Id.*; *Henry*, 545 F.3d at 379.

Second, the prosecutor's statements were made in response to defense counsel's attack on the credibility of Detectives Blair and Grigsby. The prosecutor was not required to stand by while the Government's witnesses were impugned. "[I]f the prosecutor's remarks were 'invited,' and did no more than respond substantially in order to 'right the scale,' such comments [do] not warrant reversing a conviction." *Young*, 470 U.S. at 12-13.

IV

For these reasons, we affirm.

**CLAY, Circuit Judge, concurring in part and dissenting in part.** I agree with the majority that Defendant's challenges to his conviction are not well taken, but write separately to express my disagreement with the majority's holding regarding procedural and substantive reasonableness. Because the district court sentenced Defendant to 155 months in prison without sufficiently reviewing the 18 U.S.C. § 3553(a) factors or providing an explanation for the sentence imposed, Defendant's sentence is manifestly unreasonable, even on plain error review. Therefore, I respectfully dissent.

As Sixth Circuit and Supreme Court precedent instruct, sentencing judges are required to "'make an individualized assessment based on the facts presented,' and must discuss all relevant statutory factors [under 18 U.S.C. § 3553(a)] to facilitate 'reasonable appellate review.'" *United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 50 (2007)). Judges must also "'state in open court the reasons for its imposition of the particular sentence,' including 'the reason for imposing a sentence at a particular point within the range.'" *United States v. Eversole*, 487 F.3d 1024, 1034 (6th Cir. 2007) (citing 18 U.S.C. § 3553(c)(1)). Although a statement of reasons need not be lengthy, "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *see also United States v. Blackwell,* 459 F.3d 739, 774 (6th Cir. 2006) ("[T]he black letter law of this Circuit requires district courts to consider all factors brought to their attention by a defendant.").

Although the district court stated that it embraced the findings of the pre-sentence report, it provided little in the way of an explanation for its chosen sentence, in seeming disregard of our caselaw. The district court also failed to meaningfully discuss Defendant's specific background and personal characteristics as required under 18 U.S.C. § 3553(a); ignored specific § 3553(a) sentencing factors raised by Defendant; and failed to address several of Defendant's arguments in support of a lower sentence. Contrary to the majority's suggestion, neither *United States v. Vonner*, 516 F.3d 382, 387–88 (6th Cir. 2008) (en banc), nor any other caselaw support upholding a sentence under these circumstances.

Despite the majority's statements to the contrary, it is also clear that the district court's sentencing of Defendant meets the standard for plain error. The fact that Defendant's sentence falls within the sentencing guidelines does not serve to insulate it from appellate review. Rather, by providing only a threadbare statement of reasons, the sentencing court prejudiced Defendant by denying him his right to an "individualized assessment" for purposes of imposing appropriate punishment, *United States v. Herrera-Zuniga,* 571 F.3d 568, 582 (6th Cir. 2009) (citing *Gall*, 552 U.S. at 50), as well as his right to "meaningful appellate review." *United States v. Wallace*, 597 F.3d 794, 806–07 (6th Cir. 2010) (citing *United States v. Blackie*, 548 F.3d 395, 402 (6th Cir. 2008)). Rights such as these are "equally substantial for someone who is sentenced to either a guidelines sentence or an above-guidelines sentence." *Wallace*, 597 F.3d at 806–07. Further, for purposes of plain error review, when such rights are impaired, it compromises the fairness, integrity, and public reputation of judicial proceedings. *Id.* at 807–08.

In the instant case, Defendant's sentence is procedurally unreasonable and his substantial rights were impaired, because he was not provided an explanation of the specific basis for his sentence, with reference to his personal background, characteristics, and the nature of his offense. Because this Court can only speculate about the basis for Defendant's sentence on appeal, remand is required. *See, e.g., United States v. Moon*, 513 F.3d 527, 539 (6th Cir. 2008) (remand required when district judge "simply selects what the judge deems an appropriate sentence"); *United States v. Thomas*, 498 F.3d 336, 340–41 (6th Cir. 2007) (remand required where district court did not address defendant's circumstances or arguments in support of leniency); *United States v. Stephens*, 549 F.3d 459, 465–67 (6th Cir. 2008) (remand required where court's brevity compromised meaningful appellate review).

On these same facts, the district court also abused its discretion by imposing a sentence that was substantively unreasonable.[1]  While it is true that a presumption of reasonableness is extended to within-guidelines sentences, *Vonner*, 516 F.3d at 389–90, where, as here, the sentence appears to have been arbitrarily selected without consideration of pertinent § 3553(a) factors, it is substantively unreasonable. *See United States v. Christman,* 607 F.3d 1110, 1121–22 (6th Cir. 2010).

Accordingly, I would vacate Defendant's sentence and remand for re-sentencing on procedural and substantive reasonableness grounds.

---

[1] Although we review Defendant's procedural objections for plain error due to his failure to object before the district court, *see Wallace*, 597 F.3d at 802, issues of substantive reasonableness are reviewed under the abuse of discretion standard, regardless of whether a defendant raises an objection. *See, e.g.*, *United States v. Graham,* 622 F.3d 445, 464 (6th Cir. 2010).