**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0202n.06

No. 08-5750

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Mar 31, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| HAROLD N. MARTIN, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| _____ | ) | |

Before:  MARTIN, SILER, and MOORE, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge**.  Defendant-Appellant Harold N. Martin appeals his sentence following a conviction on one count of carjacking and several counts relating to his possession and use of a firearm.  The district court sentenced Martin to 218 months of imprisonment.  On appeal, Martin argues that the district court improperly delegated to the Bureau of Prisons ("BOP") the question of whether his federal sentence should run concurrent to his state sentences.  Martin further argues that, even if the district court did impose a consecutive sentence, its decision was still procedurally unreasonable because it provided an inadequate explanation for doing so.  For the reasons stated below, we **VACATE** Martin's sentence and **REMAND** for further proceedings consistent with this opinion.

## I.  BACKGROUND

On March 27, 2007, Martin was indicted by a federal grand jury on one count of carjacking, one count of discharging a firearm during the carjacking, one count of possessing a firearm after being convicted of a felony, and one count of possessing a stolen firearm.  On February 19, 2008, Martin entered into a plea agreement with the United States Attorney under which the agreed sentence was twenty years of imprisonment.  According to the Presentence Investigation Report ("PSR") prepared for the U.S. District Court, Martin pleaded guilty in May 2008 in state court to multiple counts of robbery, attempted robbery, and aggravated burglary.  The state court sentenced him to eight years in prison on each conviction, and his sentences were to run concurrent with one another.  According to the PSR, some of those state convictions involved "relevant conduct" described in the "Offense Conduct" section of the PSR.

The district court held a sentencing hearing on June 9, 2008.  During that hearing, Martin argued that he should receive credit for the time that he had spent in state prison as a result of his state convictions involving relevant conduct and that his federal sentence should run concurrent with his state sentences.  The government stated that it had no objection to Martin's federal sentence running concurrent with the state sentences that involved relevant conduct, but the government argued that Martin's sentence should run consecutive to the other unrelated sentences.  The district court responded by noting that making some of Martin's state sentences concurrent and others consecutive would have no "practical effect" on the amount of time Martin would spend in prison. Record on Appeal, Sent. Hr'g Tr. ("ROA Tr.") at 18.  Martin responded that he wanted his federal sentence to run concurrent with *all* of the state sentences.  The district court replied by observing that

2

the state trial court had remarked that the state sentences should be consecutive to the federal sentence.

After Martin made a statement, the district court proceeded to determine his sentence, weighing several considerations. The district court noted that Martin had a lengthy criminal record that included many "serious" offenses. *Id.* at 23. Therefore, the court concluded, a long sentence was necessary to protect the community and to provide deterrence. The court also observed that Martin was suffering from depression and that he had been receiving treatment while in custody. Finally, the court acknowledged that Martin's son was "in need of guidance," *id.* at 24–25, but that this factor did not "overcome[] the other serious consideration that must be a part of the sentencing regimen." *Id.* at 25. The district court then determined that the plea agreement's recommendation of 240 months of imprisonment was reasonable, but it decided to give Martin the credit that he sought for the time he had already served in state prison, thereby reducing his sentence to 218 months of imprisonment.

After pronouncing Martin's sentence, the district court asked whether there were any questions. Martin's attorney responded by pointing out that the district judge had "not state[d] whether [Martin's sentence] would be run concurrent or consecutive with the state cases." *Id.* at 27. The district court replied:

> THE COURT: I'm not inclined to run it—I a[m] not inclined to run it concurrent. I did not speak to it because I'm not going to—to run that—I mean, if the Bureau of Prisons for some reason looked at those—look at it silent and made some determination, that's—
>
> [Martin's attorney]: Yes, Your Honor.
>
> THE COURT: —one point, but I'm not inclined to run it concurrently.

3

*Id.* The hearing was concluded shortly thereafter.

## II. ANALYSIS

Under 18 U.S.C. § 3584(a), a district court may order that a federal sentence and an undischarged state sentence run either concurrently or consecutively. Martin first argues, however, that the district court erred by not actually ruling on whether his federal sentence should run concurrent with his state sentences, but rather improperly delegating this task to the BOP. We do not believe that the district court relied on the BOP to decide whether Martin's sentence was to run concurrent with the state sentences. Although the district court did contemplate some later "determination" on the BOP's part, ROA Tr. at 27, this was likely just a reference to the BOP's authority to credit prior time served. *See United States v. Wilson*, 503 U.S. 329, 333 (1992) (holding that "it is the Attorney General who computes the amount of the credit" under 18 U.S.C. § 3585(b)). There is no indication that the district court actually expected the BOP to run Martin's sentences concurrently, and because the district court stated that it was "not inclined" to do so itself, ROA Tr. at 27, Martin's sentence is consecutive by virtue of the last sentence of § 3584(a). 18 U.S.C. §3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Nonetheless, given Martin's explicit request for a concurrent sentence, we agree with Martin that the district court was required to rule explicitly on whether his federal and state sentences were to run concurrently and to provide a more thorough explanation for that ruling. Whether a sentence is to run consecutive to or concurrent with a state sentence is a question left to the district court's discretion. *United States v. Johnson*, 553 F.3d 990, 997 (6th Cir. 2009). That discretion, however, is not "unfettered." *Id.* at 998. Rather, a district court must "make[] generally clear the rationale

4

under which it has imposed the consecutive sentence and seek[] to ensure an appropriate incremental penalty for the instant offense." *Id.* (internal quotation marks omitted). In particular, § 3584(b) instructs "[t]he court, in determining whether [prison] terms imposed are . . . to run concurrently or consecutively, [to] consider . . . the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3584(b). Section 3553(a)(5) requires sentencing courts to consider any applicable policy statements in the Guidelines. Therefore, "the record on appeal should show that the district court turned its attention to" U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5G1.3 in determining what type of sentence to impose. *Johnson*, 553 F.3d at 998 (internal quotation marks omitted).[1] Evidence that the district court considered § 5G1.3 normally involves some explicit reference to that provision. *See United States v. Coleman*, 15 F.3d 610, 613 (6th Cir. 1994) (vacating a consecutive sentence when the district judge did not "expressly turn his attention to § 5G1.3(c) and Application Note 3," although applying an older version of § 5G1.3); *United States v. Watford*, 468 F.3d 891, 915–17 (6th Cir. 2006) (upholding the district court's imposition of a consecutive sentence when it made a "brief reference to the statutory and Guidelines factors," although noting that even that explanation was "somewhat cursory"), *cert. denied*, 550 U.S. 970 (2007); *United States v. Covert*, 117 F.3d 940, 946

---

[1]Although Martin argued below that § 5G1.3(b) was applicable, on appeal he points only to § 5G1.3(c). Accordingly, we do not address § 5G1.3(b) here. Section 5G1.3(c) states that the district court, in deciding whether to impose a concurrent or consecutive sentence, should determine what is necessary "to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). Application Note 3(A) further explains that the court should consider:

> (i) the factors set forth in 18 U.S.C. 3584 (referencing 18 U.S.C. 3553(a)); (ii) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence; (iii) the time served on the undischarged sentence and the time likely to be served before release; (iv) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and (v) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3(c) cmt. n.3(A) (2007).

(6th Cir.) (upholding a consecutive sentence when "the court specifically stated before imposing the consecutive sentence that it considered 'the pertinent policy statements . . . and the commentary of the sentencing commission'" (quoting the district court)), *cert. denied*, 522 U.S. 880 (1997). In this case, however, although the district judge considered several of the factors listed under § 3553(a), the judge did not once reference § 5G1.3 or its application notes.

The lack of an express reference to § 5G1.3, by itself, is not necessarily dispositive. A district court need not "explicitly reference the § 5G1.3 considerations" if there is some other evidence in the record that it considered that section. *See United States v. Berry*, 565 F.3d 332, 343 (6th Cir.), *cert. denied*, 130 S. Ct. 275 (2009). These circumstances are not present here, however. Indeed, several of the district court's comments at the sentencing hearing only generate further confusion. For instance, when addressing Martin's request that his federal sentence run concurrent with his state sentences, the district court remarked that the state trial court had indicated that the state sentences should run consecutive to the federal sentence. As Martin's attorney correctly pointed out at the hearing, however, a state trial court has no authority to determine whether a future federal sentence is to run consecutive to a state sentence. Furthermore, it is difficult to reconcile the district court's decision to make Martin's sentence consecutive to the state sentences with the district court's decision to give Martin twenty-two months of credit for the time that he had already served on the state sentences. Whatever considerations weighed in favor of having Martin's previous state incarceration count toward his federal sentence presumably would be applicable to his subsequent state incarceration as well. The district court could have resolved these ambiguities easily when Martin's attorney requested clarification at the end of the hearing. Instead, however, the district court gave a response that provided little insight into its rationale. As a result, it is difficult to

discern the "rationale under which [the district court] has imposed the consecutive sentence." *Johnson*, 553 F.3d at 998 (internal quotation marks omitted).

The government argues, however, that the district court was not required to give any explanation. In particular, the government argues that a district court is always permitted to refrain from making an affirmative ruling on whether sentences will run consecutively or concurrently and instead may rely on what it characterizes as § 3584(a)'s "presumption" in favor of consecutive sentences, in which case the court need not say anything. We disagree.

The last sentence of § 3584(a) does contemplate some scenarios when a district court may remain silent with respect to whether a federal sentence should run concurrent with or consecutive to a state sentence. In those instances, the federal sentence "run[s] consecutively." 18 U.S.C. § 3584(a). For instance, when the possibility of a sentence running concurrently was simply never raised before the district court, the last sentence of § 3584(a) provides a convenient "rule of construction" that would avoid unnecessary litigation. S. Rep. No. 98-225, at 127 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3310.[2] But when, as was the case here, the defendant specifically and repeatedly requests a concurrent sentence, district courts should not be permitted to hide behind a mere rule of construction. Were it otherwise, the statute would shield district courts that ignore the arguments of defendants while subjecting to reversal courts that actually try to respond to those

---

[2]The government repeatedly characterizes the last sentence of § 3584(a) as a statutory "presumption." Appellee Br. at 8–10. Insofar as the government is suggesting that the statute somehow favors consecutive sentences, however, it is incorrect. *United States v. Miller,* 903 F.2d 341, 348 (5th Cir. 1990) ("Section 3584(a) does not create a presumption meant to favor consecutive sentences but merely a rule of construction."); *see also United States v. Quintero*, 157 F.3d 1038, 1041 (6th Cir. 1998) (also observing that § 3584(a) establishes a "'rule of construction in the cases in which the court is silent as to whether sentences are consecutive or concurrent'" (quoting legislative history)).

arguments. In other words, under the government's proposal, district courts would have an incentive to remain silent. The government points to no case law in support of such an illogical result,[3] and indeed, its position conflicts with the numerous decisions in this Circuit that require district courts to respond to all of a defendant's nonfrivolous arguments in favor of a lower sentence. *See, e.g.*, *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009); *United States v. Recla*, 560 F.3d 539, 547 (6th Cir. 2009).

Therefore, we conclude that the district court failed to explain adequately its decision to have Martin's federal sentence run consecutive to his state sentences.

### III. CONCLUSION

For the reasons stated above, we **VACATE** Martin's sentence and **REMAND** for further proceedings consistent with this opinion. On remand, the district court should rule explicitly on whether Martin's federal sentence is to run concurrent with or consecutive to his state sentences and should provide an adequate explanation for that ruling. Its explanation should pay particular attention to the considerations embodied in § 5G1.3.

---

[3]The government cites *United States v. Campbell*, 309 F.3d 928 (6th Cir. 2002), in which a panel of this court explained that "[w]hen a district court exercises its discretion to impose a concurrent or consecutive sentence," it must provide an adequate explanation. *Campbell*, 309 F.3d at 931 (emphasis added). The government also cites *Watford*, in which a panel of this court stated that "a district court generally *may* order that [prison] terms run either concurrently or consecutively." *Watford*, 468 F.3d at 915 (emphasis added). The government argues that the use of the words "when" and "may" somehow demonstrates that the district court's responsibility to explain its decision to impose a concurrent or consecutive sentence applies only when the district court chooses to make an affirmative ruling. We do not believe that the quoted opinion language supports such a counterintuitive interpretation of § 3584(a). Instead, we read these two cases as saying simply that, although the question of whether a federal sentence should run concurrent with another sentence may not always arise, *when* it does, the district court *may* select either a consecutive or a concurrent sentence, and its choice between the two must be accompanied by adequate reasoning.