NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0330n.06

No. 08-5167

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**

*May 18, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TIMOTHY RUSSELL,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

_____/

Before:    MARTIN and SUTTON, Circuit Judges; GRAHAM, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge. Defendant-appellant Timothy Russell appeals his sentence on grounds of procedural unreasonableness. Russell pleaded guilty to one count of being a felon in possession of a firearm. At sentencing, the district court applied the Guidelines cross-reference for using a firearm in connection with the commission or attempted commission of kidnapping, U.S.S.G. §§ 2K2.1(c), 2X1.1, based primarily on the testimony of one of Russell's victims, Takenya Coleman, whom the court found to be "a very credible witness." The court found that Russell held a gun to Coleman's brother and forced him into the house, held a gun to Coleman and her brother and forced them into the kitchen, and stayed in the house between one and two hours. The kidnapping cross-reference resulted in a base offense level of thirty-two. U.S.S.G. § 2A4.1(a).

_____

[*] The Honorable James L. Graham, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

After a two-level enhancement for use of dangerous weapon, *id.* § 2A4.1(b)(3), and a three-level reduction for acceptance of responsibility, *id.* § 3E1.1(b), Russell's total offense level was thirty-one. With a criminal history category of III, his sentencing range was eleven years and three months to fourteen years of imprisonment. However, the district court repeatedly recognized throughout the sentencing hearing that the statutory maximum term of imprisonment for a felon-in-possession conviction is ten years, 18 U.S.C. § 924(a)(2), and sentenced Russell to ten years accordingly.

On appeal, Russell does not challenge the kidnapping cross-reference, enhancements, or reductions. Rather, he claims that his sentence is procedurally unreasonable because the statutory maximum sentence was the proper Guideline range and the district court should not have calculated the otherwise applicable sentencing range. We review this claim for plain error because Russell did not object after the district court issued the sentence and asked defense counsel if he "kn[e]w of any reason why the sentence should not be imposed today[.]" *See United States v. Berry*, 565 F.3d 332, 340 (6th Cir. 2009) (citing *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004)). Therefore, reversal is only proper if Russell identifies a clear or obvious error that affected his rights and the fairness, integrity, or public reputation of the judicial proceedings. *See id.* (citing *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc)).

Russell's claim lacks merit. According to the Guidelines, when a statutory-maximum sentence falls below the minimum of the sentencing range as it does here, the statutory maximum is the Guideline sentence. *See* U.S.S.G. § 5G1.1(a). By addressing this situation where a sentencing range is above the statutory maximum, section 5G1.1(a) expressly contemplates that a district court should simultaneously calculate the applicable sentencing range and consider any statutory

maximum sentence. Furthermore, we have approved this practice in the past. *See United States v. Rahal*, 191 F.3d 642, 646 (6th Cir. 1999); *United States v. Barnes*, 49 F.3d 1144, 1150 (6th Cir. 1995).

A district court does not err by calculating a sentencing range according to the Guidelines before then considering a statutory maximum sentence. Here, the district court calculated Russell's sentencing range according to the Guidelines and then acknowledged several times that Russell could not be sentenced above the statutory maximum of ten years. The district court then sentenced Russell to ten years, which satisfied the statutory maximum and was the Guideline sentence in accordance with section 5G1.1(a). Accordingly, the district court did not commit plain error and we **AFFIRM** the judgment of the district court.