**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymond Sean BROWN, Defendant–Appellant.**

**No. 15–5391.**

United States Court of Appeals,
Sixth Circuit.

Jan. 19, 2016.

BEFORE: BATCHELDER, McKEAGUE, and STRANCH, Circuit Judges.

OPINION

JANE B. STRANCH, Circuit Judge.

Raymond Sean Brown appeals the procedural and substantive reasonableness of his 28–month sentence after pleading

guilty to receiving and distributing misbranded drugs in interstate commerce with intent to defraud and mislead. Brown contends that the district court erred by (1) relying on the higher underlying guideline range rather than adhering to the statutorily authorized maximum sentence, (2) giving too much weight to general deterrence, and (3) failing to consider all of Brown's arguments for a downward variance. For the reasons set forth below, we find the district court's sentence both procedurally and substantively reasonable and, therefore, affirm.

## I.   BACKGROUND

Brown, a physician, owned and operated a pain management clinic in Cleveland, Tennessee, where he used Botox injections to treat patients suffering from muscle pain and spasticity. Botox is a "prescription drug" within the meaning of the Food, Drug, and Cosmetic Act due to "its toxicity or other potentiality for harmful effects." 21 U.S.C. § 353(b)(1). The manufacture, distribution, and administration of Botox is closely regulated by United States Food and Drug Administration (FDA). To meet FDA requirements, facilities that manufacture Botox must be registered with the Secretary of the United States Department of Health and Human Services. Botox packaging must comply with specific labeling standards, 21 C.F.R. 201.15(c)(1), and it may be administered only by a licensed practitioner, 21 U.S.C. § 353(b)(1). Allergan Inc. is the sole manufacturer that produces and distributes Botox approved by the FDA for sale in the United States.

In 2007, Brown began to purchase Botox from a non-FDA approved wholesale source, Canadian company Axon Medical Supplies. While all Botox is made by Allergan, the product sold by Axon Medical Supplies was manufactured for sale outside of the United States and contained labeling and patient information that was not in English. Between 2007 and 2012, Brown purchased at least 254 vials of unapproved, misbranded Botox, or a total of 25,400 units. This he diluted to one one-hundredth of its original strength and administered to patients without alerting them that they were receiving an unapproved drug. At this time, the average amount of reimbursement for one vial (containing 100 units) of Botox was $548.00, of which Medicare covered 80%, or approximately $438.40.

Over the course of five years, Brown submitted claims to Medicare for approximately 1,586,500 units of Botox, though he had purchased only 25,400 units, all of which were of misbranded and unapproved Botox. While Brown's use of unapproved Botox did not result in any physical harm to his patients, he accumulated more than $7,482,968 in reimbursement checks from Medicare over the course of his fraudulent billing scheme.

In December 2012, after Brown's extraordinarily high rate of billing for Botox treatments attracted notice and generated an investigation, federal agents seized $6,765,608.92 from two of Brown's bank accounts. In October 2014, Brown entered an amended plea agreement in which he pleaded guilty to receiving and distributing misbranded drugs in interstate commerce with intent to defraud or mislead in violation of 21 U.S.C. § 331(c). He agreed to forfeit the seized assets and to satisfy a money judgment of $717,359.08, the outstanding amount of his violation.

The revised presentence report, filed February 27, 2015, calculated Brown's initial advisory guideline range at 63 to 78 months imprisonment based on his offense level (26) and criminal history category (I). This underlying guideline range was lowered to comply with a statutorily author-

ized maximum sentence of 36 months. 21 U.S.C. §§ 331(c), 333(a)(2). *See* United States Sentencing Commission, *Guidelines Manual*, § 5G1.1(a) (Nov. 2014) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Brown filed an objection to the portion of the revised presentence report that identified no grounds for downward departure or variance. He submitted a Sentencing Memorandum, Motion for Downward Variance, and approximately 200 letters endorsing his good character, in support of his request for a sentence of probation.[1]

On April 2, 2015, Brown was sentenced to 28 months of imprisonment. On appeal, he challenges the procedural and substantive reasonableness of this sentence. He asserts that the district court erred by (1) "considering an underlying greater guideline range of 63–78 months rather than the applicable guidelines range of 36 months (the statutory maximum)"; (2) "giving too much weight to the factor of general deterrence"; and (3) "failing to consider all of Brown's arguments for a downward variance under 18 U.S.C. § 3553(a)." (Appellant Br. at 11).

## II. ANALYSIS

We begin our analysis of Brown's sentence by reviewing for procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any

deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

The district court's legal conclusions regarding the Sentencing Guidelines are generally reviewed de novo. However, where a party fails to raise an objection below, our review is for plain error. *U.S. v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). "A 'plain error' is an error that is clear or obvious, and if it affects substantial rights, it may be noticed by an appellate court." *United States v. McIntosh*, 484 F.3d 832, 836 (6th Cir.2007) (quoting *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996)). We typically "correct a plain forfeited error that affects substantial rights only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal citations omitted).

If no significant procedural errors exist, we next consider the substantive reasonableness of the sentence for abuse of discretion. *Gall*, 552 U.S. at 51, 128 S.Ct. 586. "An abuse of discretion occurs when a ruling is based on an error of law or a clearly erroneous finding of fact, or when the reviewing court is otherwise left with the definite and firm conviction that the district court committed a clear error of judgment." *United States v. Kumar*, 750 F.3d 563, 566 (6th Cir.2014). We may find a sentence is substantively reasonable if it is "proportionate to the seriousness of the circumstances surrounding the offense and the offender, and 'sufficient, but not greater than necessary, to comply with the purposes set forth by [§ 3553(a)(2) ].'" *United States v. Smith*, 505 F.3d 463, 470 (6th Cir.2007) (alteration in original). A sentence may be substantively unreasonable

---

1. Supplements to these motions were filed under seal. They concerned sensitive information about Brown's personal characteristics offered in further support of a sentence of probation or house arrest. These matters were discussed by the parties and considered by the court in a sidebar during the sentencing hearing.

when "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir.2008).

## A. The Statutorily Authorized Maximum Sentence Under U.S.S.G. § 5G1.1(a)

On appeal, Brown contends that the district court relied on "the higher guideline range in assessing the amount of variance to be imposed" instead of the statutory guideline range of 36 months. (Appellant Br. at 16). According to Brown, this rendered the sentence both procedurally unreasonable and substantively unreasonable, because the higher guideline range was an improper factor to which the district court allocated significant weight. (*Id.* at 19–20). Because Brown failed to raise this objection at sentencing, we review the procedural component of this claim for plain error.[2] *Bostic*, 371 F.3d at 872–73.

■ At the outset of the sentencing hearing, the district court accurately observed that Brown's offense level and criminal history intersected at a guideline range of 63 to 78 months, but that "the maximum punishment for the count to which he has been found guilty only carries a maximum punishment of 36 months, his effective guideline range then becomes 36 months." *See* Transcript of Judgment Proceedings at 5, *United States v. Brown*, (E.D.Tenn. argued May 13, 2015) (No. 1:13–cr–00107) (hereinafter "Transcript").

Taking into account the arguments of the parties and all the § 3553(a) factors, the district court concluded that the guideline range of 36 months was greater than necessary to fulfill the purposes discussed and sentenced Brown to 28 months imprisonment. *Id.* at 44, 52. In so doing, the court remarked that "36 months is actually a considerable break anyway because [Brown's] guideline range was much greater than that, but the 36 months was the most that could be imposed because of the statute." *Id.* at 52.

Brown contends that this statement "clearly and plainly shows that the district court erred in factoring in the greater guideline range in applying the downward variance in this case." (Appellant Reply Br. at 5). He calculates that he received a sentence 22% below the statutory maximum of 36 months, and 55% below the original guideline range. (Appellant Br. at 17–18). "If the district court had given a 55% variance from the correct guideline range of 36 months, the sentence would have been 16 months, not 28 months." (*Id.*). Brown concludes this is procedural error that requires remand for resentencing under the correct guideline range. (*Id.* at 19).

Brown offers no indication of procedural unreasonableness apart from the court's comment that the original guidelines are higher than the statutory maximum. This simple observation does not indicate that the court relied unduly on the original guidelines rather than the statutory maximum when formulating the sentence. *See United States v. Russell*, 423 Fed.Appx.

**2.** Brown asserts this claim was preserved in previous filings. (Appellant Reply Br. at 3). We have been unable to identify this objection in his Motion for Downward Variance, sentencing memoranda, or supplements. This is unsurprising as the claim concerns the court's reasoning at the sentencing hearing, which could not have been raised beforehand. However, even if Brown had made this objection at the time of sentencing, our conclusion would remain the same because Brown has not shown the existence of an error in the district court's calculation of the guideline range.

562, 563 (6th Cir.2011) (explaining that "section 5G1.1(a) expressly contemplates that a district court should simultaneously calculate the applicable sentencing range and consider any statutory maximum sentence"). Moreover, nothing in the court's reasoning indicates it intended to depart from the guideline range by a specific percentage. The record does, however, include multiple instances in which the court confirmed its awareness of the statutorily authorized maximum sentence. *See* Transcript at 5 ("[Brown's] effective guideline range then becomes 36 months"); *id.* at 44 (noting that "a sentence of 36 months, which is the guideline range here, is greater than necessary to fulfill the purposes that the Court has just outlined" and deciding to "impose a non-guideline sentence that will be below 36 months").

Nor are we persuaded by Brown's challenge to the substantive reasonableness of his sentence. "Although it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden." *United States v. Greco*, 734 F.3d 441, 450 (6th Cir.2013). It is clear from the sentencing hearing transcript that the court relied on the correct statutory guideline for the offense and Brown has not satisfied the substantial burden to show otherwise.

### B. 18 U.S.C. § 3553(a) Factors and Arguments for Downward Variance

Sentencing judges are instructed to "impose a sentence sufficient, but not greater than necessary, to comply with" the purpose furthered by the factors set forth in 18 U.S.C. § 3553(a):

(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely, (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.

*Rita v. United States*, 551 U.S. 338, 347–48, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

Brown contends that the district court "did not consider a sentence other than imprisonment, because it was under the belief that general deterrence could only be achieved with the imposition of a sentence of imprisonment." (Appellant Br. at 24). He also argues that the district court's failure to explicitly address two arguments raised during a sidebar indicates that these issues were not considered in the court's calculation of his sentence. Brown asserts that "the district court should have at least said whether or not either factor was considered or impacted its decision." (*Id.* at 39).

The district court is not required to "explicitly consider each of the § 3553(a) factors," accord specific weight to any particular factor, or engage in any other "ritualistic incantation" to satisfy the reasonableness inquiry. *United States v. Trejo–Martinez*, 481 F.3d 409, 413 (6th Cir.2007); *US v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). Instead, the court need only address the relevant factors to the extent necessary to explain its reasoning and allow for meaningful review on appeal. *See Trejo–Martinez*, 481 F.3d at 412–13; *see also Rita*, 551 U.S. at 356, 127 S.Ct. 2456 ("The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon the circumstances."). As for specific offender characteristics, those cited by Brown are generally not considered by a sentencing court. *See* USSG §§ 5H1.2–1.6, 5H1.11 (listing characteristics "not ordinarily relevant in de-

termining whether a departure is warranted").

■ Here, the district court considered the § 3553(a) factors that it judged most relevant. The court found deterrence "very important and very significant and perhaps even a driving consideration here." *See* Transcript at 41. It noted that white collar defendants like Brown are often in a unique position of trust, which they violate when, driven by greed, they undertake carefully crafted and long-term crimes. The court further explained that a sentence of imprisonment was necessary to "reflect the seriousness of the offense, promote respect for the law, and provide just punishment." *Id.* at 52.

The district court had sufficient opportunity to and did consider Brown's arguments for a variance. These issues were comprehensively briefed prior to sentencing. During a sidebar at the sentencing hearing, they were raised again and both parties presented their position. Fully aware of the parties' perspectives on these matters, the court confirmed it had "taken into account all of the arguments, [and] all of the exhibits" that had been submitted, explained the factors it found determinative, and announced a sentence of 28 months imprisonment. *Id.* at 44.

Our review is a deferential one based on the lower court's greater access to, and familiarity with, the facts of the case. *Rita,* 551 U.S. at 357–58, 127 S.Ct. 2456. And where a defendant argues that a sentence lower than the guideline range is substantively unreasonable, he bears a heavy burden. *See United States v. Curry,* 536 F.3d 571, 573 (6th Cir.2008) (reasoning that "simple logic compels the conclusion that, if a sentence [within the guideline range] would have been presumptively reasonable in length, defendant's task of persuading us that the more lenient sentence ... is unreasonably long is even more demanding").

We find Brown's sentence is substantively reasonable. The fact that another sentence might have been appropriate is "insufficient to justify reversal of the district court." *Gall,* 552 U.S. at 51, 128 S.Ct. 586. Our review of the record confirms that the district court "listened to each argument," "considered the supporting evidence," and "then simply found these circumstances insufficient to warrant a sentence" of the level desired by Brown. *Rita,* 551 U.S. at 358, 127 S.Ct. 2456 (finding the sentencing judge's statement of reasons, though brief, was legally sufficient for the purposes of the reasonableness inquiry). Thus, we conclude that the district court did not abuse its discretion in applying the relevant § 3553(a) factors to Brown, and in imposing a sentence of 28 months imprisonment.

### III. CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is affirmed.