[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15370
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-62338-BB

KEVIN PRESCOTT,

Plaintiff-Appellant,

versus

SETERUS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 11, 2017)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Seterus, Inc. is Kevin Prescott's mortgage servicer.  After Prescott defaulted

on his mortgage in August 2012, Seterus began preparing to initiate foreclosure proceedings against him. Prescott then asked Seterus to reinstate his mortgage as permitted by the security instrument.

Seterus sent Prescott a letter informing him of the amount he would have to pay to reinstate his loan. Included in the amount due were $1,125 in incurred attorney's fees and $3,175 in "estimated" attorney's fees. Prescott paid the reinstatement amount and Seterus later repaid him the estimated fees because they were not incurred before the mortgage was reinstated.

Prescott sued Seterus under the federal Fair Debt Collection Practices Act ("Federal Act") and the Florida Consumer Collection Practices Act ("Florida Act"). He claimed that charging him the estimated fees violated the federal and state acts because he was not obligated under the mortgage to pay estimated expenses, only actual ones. The district court granted summary judgment to Seterus. We reversed. Prescott v. Seterus, Inc., 635 F. App'x 640 (11th Cir. 2015). We concluded that the least sophisticated consumer would not have understood the mortgage instrument to obligate Prescott to pay Seterus' "estimated" legal expenses. Id. at 644–45.

We based that conclusion, in part, on the fact that the mortgage instrument used past-tense language to describe the expenses — including attorney's fees — that Precott could be required to pay. Id. The contract obligated him to pay only

2

those fees "incurred" or "disbursed" by Seterus for "services performed in connection with [his] default." Id. We said that Seterus did violate the Federal Act. Id. at 643.

As to the Florida Act, establishing liability under that statute requires a showing of actual knowledge on the lender's part. Id. at 646. Because the district court had not yet considered whether the record showed a genuine dispute of material fact as to Seterus' actual knowledge, we remanded the case to the district court to consider that question. Id.

On remand, the district court awarded summary judgment to Prescott on his Federal Act claim, but granted summary judgment to Seterus on Prescott's Florida Act claim. It concluded that the evidence in the record would not support a jury's conclusion that Seterus actually knew that its behavior was prohibited by the Florida Act. This is Prescott's appeal from the judgment entered against him on his Florida Act claim.

"We review a district court's grant of summary judgment de novo." Dolphin LLC v. WCI Cmtys., Inc., 715 F.3d 1243, 1247 (11th Cir. 2013). "The moving party bears the burden of establishing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law." Id. In determining whether it has met that burden, "we review the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all

3

reasonable doubts about the facts in favor of the non-movant." Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004).[1]

The Florida Act requires that a plaintiff establish that a creditor had actual knowledge that "the debt is not legitimate" or that "the right [the creditor is seeking to enforce] does not exist." Fla. Stat. § 559.72(9). It does not require that, in every case, the creditor know that the Florida Act forbids its conduct. That being said, it may be that a right does not exist because the Florida Act says so. But a purported debt could also be "illegitimate" because no debt-creating instrument currently obligates the debtor to pay it. See Read v. MFP, Inc., 85 So. 3d 1151, 1155 (Fla. 2d DCA 2012) ("Thus, for example, a plaintiff may establish a violation of section 559.72(9) by showing that the debt collector . . . attempted to collect a debt that had already been satisfied."). In that case, the defendant would not have to know what the Florida Act says to know that the debt was illegitimate. If the defendant knew that no instrument obligated the debtor to pay the purported debt, that would be sufficient to create liability under the Florida Act. To the extent that the district court concluded otherwise, it was mistaken.

Here, Prescott contends that Seterus violated the Florida Act by trying to

---

[1] Seterus contends that Prescott lacked standing because it refunded the $3,175 in estimated legal fees that it collected, leaving Prescott unable to show an injury in fact. It is mistaken. Prescott was deprived of the use of his money for at least some period of time. That is sufficient to establish an injury in fact. See Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir. 2004) ("An injury in fact cannot be an abstract injury. . . . A plaintiff must point to some type of cognizable harm, whether such harm is physical, economic, reputational, contractual, or even aesthetic.") (emphasis added) (citations omitted).

collect fees that it knew were not authorized by the mortgage instrument.  That contention does not require proof that Seterus knew its conduct violated the Florida Act:  Seterus would have no right to collect fees not authorized by the mortgage even if the Florida Act had never been enacted.  The Florida Act only requires proof that Seterus had actual knowledge that the mortgage did not authorize charging Prescott for estimated legal fees.

We agree with Prescott that there is a genuine dispute of material fact as to Seterus' knowledge in this case.  The mortgage instrument speaks in terms of "services performed" and fees "incurred" or "disbursed."  And the only part of the instrument that could be read to authorize Seterus to charge estimated fees is a vague statement requiring Prescott to "take such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under the Security Instrument and [Prescott's] obligation to pay the sums secured by [the] Security Instrument shall continue unchanged."  A reasonable jury could read this contract, conclude that any reasonable lender reading the contract would have known that it could not charge estimated fees, and infer that Seterus had actual knowledge based on that conclusion.  There is other evidence in the record — such as the deposition testimony of Seterus' corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure — that could lead to the opposite conclusion.  But that type of conflict in the evidence is precisely the sort of dispute that cannot be

resolved at summary judgment.

Seterus argues that Prescott waived any argument that it was not entitled to summary judgment in two ways. First, he failed to reply to its renewed motion for summary judgment. But Prescott filed his own motion for summary judgment, which basically amounts to the same thing.

Second, Seterus points to Prescott's failure to file a response to Seterus' statement of undisputed facts in accordance with Local Rule 56.1(b). But the district court did not base its decision on that local rule and does not appear to have limited its review of the record according to it. In fact, it denied as moot Seterus' motion to deem admitted the facts in its statement of undisputed material facts. We will not base our decision on the district court's local rules where it has declined to do so. See Atwater v. Nat'l. Football League Players Ass'n, 626 F.3d 1170, 1175 n.5 (11th Cir. 2010).

For those reasons, the district court erred by granting summary judgment to Seterus on Prescott's Florida Act claims. The grant of summary judgment is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion.