NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0030n.06

Case No. 25-5358

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 15, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| ERIC KELSEY SHEPHERD, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: COLE, MATHIS, and HERMANDORFER, Circuit Judges.

**MATHIS, Circuit Judge.** Eric Shepherd pleaded guilty to enticing or coercing a minor to participate in the visual depiction of sexually explicit conduct. The district court sentenced him to the statutory maximum sentence of 600 months' imprisonment. He now appeals his sentence, arguing that the district court procedurally erred in calculating his advisory Sentencing Guidelines range and by failing to run his sentence concurrent with an anticipated sentence in a related case in state court. We affirm.

**I.**

In January 2022, a school official reported to the Lexington Police Department that an adult male, later identified as Eric Shepherd, was engaging in sexual acts with a twelve-year-old student. Through its investigation, the police department discovered that Shepherd recorded the sexual acts, which at times were violent. And officers learned that Shepherd told the victim that he was 17 years old when, in fact, he was 27.

Officers obtained and executed a search warrant at Shepherd's home. This led to the seizure of his cell phone, which contained sexually explicit images of the minor.

A grand jury indicted Shepherd on three counts of enticing or coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, in violation of 18 U.S.C. § 2251(a). Under a plea agreement, Shepherd pleaded guilty to one count in exchange for the dismissal of the other two counts.

By the time of his sentencing, Shepherd was already serving a ten-year state-court sentence for sexually assaulting another minor. And he faced pending state charges for sexually assaulting the victim in this case.

The case proceeded to sentencing. The district court determined that Shepherd's advisory Guidelines range was 360 months to life imprisonment. Because Shepherd had a prior conviction for sexually abusing a minor, his statutory sentencing range was "not less than 25 years nor more than 50 years." 18 U.S.C. § 2251(e). The district court sentenced Shepherd to 600 months' imprisonment—the statutory maximum the court could impose—to be served consecutive to the ten-year state-court sentence that he was already serving. The district court did not address the pending state charges.

After the district court asked if the parties had any objections to the sentence, Shepherd objected only to the court ordering his federal sentence to run consecutive to his ten-year state sentence. Shepherd timely appealed.

## II.

Shepherd challenges the procedural reasonableness of his sentence. We generally review challenges to a sentence's procedural reasonableness for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). But where a party has failed to object to a procedural defect at

sentencing, we review the unpreserved procedural-reasonableness claim for plain error. *Holguin-Hernandez v. United States*, 589 U.S. 169, 170–71 (2020).

Shepherd acknowledges that he failed to present to the district court the sentencing challenges that he now raises with us. Still, he argues that abuse-of-discretion review should apply because the district court failed to comply with our procedural rule "requiring district courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). If the district court fails to ask the *Bostic* question, then the defendant does not forfeit procedural challenges to his sentence that he did not raise with the district court. *Id.* On the other hand, if the district court asks the *Bostic* question, any procedural objections "not previously raised" are subject to plain-error review. *Id.* at 872–73.

The district court's question to the parties after imposing Shepherd's sentence satisfies *Bostic*. The district court asked whether there was "any legal reason [the] sentence should not be imposed as stated." R. 52, PageID 249. We have held that strikingly similar questions were sufficient. *See United States v. Tate*, 516 F.3d 459, 464–65 (6th Cir. 2008) (applying plain-error review when the defendant did not raise an objection in response to the question, "Do you know of any reason, other than any reason you have already argued why the sentence should not be imposed as stated?" (citation modified)); *United States v. Coots*, 408 F. App'x 968, 970 (6th Cir. 2011) (where the district court asked "if there was any legal reason the stated sentence should not be imposed").

So we review Shepherd's challenges for plain error. Under plain-error review, Shepherd must show that: (1) there was an error, (2) the error was "plain," (3) the error affected "substantial

rights," and (4) "the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Greer v. United States*, 593 U.S. 503, 507–08 (2021) (citation modified). "Meeting all four prongs is difficult." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

**A.**

We begin with Shepherd's argument that the district court incorrectly calculated his advisory Guidelines range. A sentence is not procedurally reasonable if the district court fails to properly calculate the defendant's Guidelines range. *Gall*, 552 U.S. at 51. Shepherd contends that the district court failed to account for the statutory maximum sentence of 50 years' (600 months) imprisonment when it calculated his Guidelines range. *See* 18 U.S.C. § 2251(e).

The district court did not err, plainly or otherwise. It calculated Shepherd's advisory Guidelines range as 360 months to life and imposed the statutory maximum sentence of 600 months' imprisonment. The statutory maximum does not change Shepherd's Guidelines range. *See* U.S.S.G. § 5G1.1(c). And a district court does not err by calculating the applicable Guidelines range before considering the statutory maximum. *See United States v. Grant*, 15 F.4th 452, 459 (6th Cir. 2021); *United States v. Russell*, 423 F. App'x 562, 563 (6th Cir. 2011). The statutory maximum placed an upper barrier on the sentence that the district court could impose, regardless of the applicable Guidelines range. *See* U.S.S.G. § 5G1.1(c). The district court complied with its obligations when it sentenced Shepherd to 600 months.

Shepherd argues that U.S.S.G. § 5G1.1(c) required the court to formally acknowledge the statutory maximum as the top of his Guidelines range. We disagree. Under § 5G1.1, the statutory maximum changes the Guidelines range only when it "is less than the minimum of the applicable guideline range." *Id.* § 5G1.1(a). When that occurs, "the statutorily authorized maximum sentence *shall be* the guideline sentence." *Id.* (emphasis added). But "[i]n any other case, the sentence may

be imposed at any point *within the applicable guideline range*, provided that the sentence . . . is not greater than the statutorily authorized maximum sentence." *Id.* § 5G1.1(c) (emphasis added). This means that the applicable Guidelines range does not change just because the statutorily authorized maximum sentence falls within it.

The record reflects that the district court knew that Shepherd's sentence could not exceed 600 months. In fact, both Shepherd and the government made clear that 600 months was the statutory maximum for his sentence. Additionally, the district court considered and adopted Shepherd's presentence report, which specified that his sentence could not exceed 600 months.

**B.**

Shepherd next argues that the district court plainly erred by not ordering his federal sentence to run concurrent with a sentence that he expected to receive in state court for conduct involving the same victim.

Subject to statutory limitations, Congress gives district courts discretion when deciding whether to impose consecutive or concurrent sentences. 18 U.S.C. § 3584(a). This includes the discretion to order a federal sentence to run consecutively to, or concurrently with, an anticipated state sentence. *Setser v. United States*, 566 U.S. 231, 244–45 (2012). If a federal sentence is imposed at a different time than a state sentence, the federal and state sentences will "run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

The Guidelines address the circumstances under which district courts should impose concurrent or consecutive sentences when a defendant is subject to an anticipated state sentence or an undischarged term of imprisonment. U.S.S.G. § 5G1.3. Relevant here, if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . ., the sentence for the instant offense shall be imposed to run concurrently

to the anticipated term of imprisonment." *Id.* § 5G1.3(c). Although this guideline uses mandatory language ("shall"), it is merely advisory and does not bind district courts. *Beckles v. United States*, 580 U.S. 256, 265 (2017). Thus, "the district court's decision whether to impose a concurrent or consecutive sentence pursuant to § 5G1.3 is discretionary." *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011) (quotation omitted).

But that discretion is not boundless. A district court may "refuse to apply" U.S.S.G. § 5G1.3(c) only if it satisfies two conditions. *United States v. Gomez*, 129 F.4th 954, 963–64 (6th Cir. 2025). "First, the court must turn its attention to" the guideline. *Id.* at 964 (citation modified). "Second, the district court must explain *why* it departed from that guideline." *Id.*

But what happens when the district court fails to address whether a federal sentence runs concurrently or consecutively to an anticipated state sentence? Under plain-error review, Shepherd must demonstrate not only an error, but also that the error was plain—in other words, "clear or obvious." *Rosales-Mireles v. United States*, 585 U.S. 129, 134 (2018) (quotation omitted). "An error is clear or obvious only when the law is settled, rather than subject to reasonable dispute." *United States v. Kechego*, 91 F.4th 845, 850 (6th Cir. 2024) (citation modified). "A lack of binding case law that answers the question presented . . . preclude[s] our finding of plain error." *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015).

Assuming the district court erred by not running Shepherd's federal sentence concurrent with the state sentence he anticipates receiving in the state case involving the same victim, Shepherd has failed to show that error was clear or obvious. Shepherd has not pointed to precedent that answers the question presented here. Indeed, Shepherd relies on cases in which the district court *denied* a defendant's request to run his federal sentence concurrent with an anticipated state sentence. *See Gomez*, 129 F.4th at 964; *United States v. Jackson*, 764 F. App'x 506, 507–08 (6th

Cir. 2019). When the defendant makes that request and the district court denies it, the court must consider U.S.S.G. § 5G1.3(c) and explain why it departed from that guideline. *Gomez*, 129 F.4th at 964; *cf. United States v. Martin*, 371 F. App'x 602, 604–06 (6th Cir. 2010). By contrast, the district court did not consider the concurrent-vs.-consecutive question for the state case with the same victim, presumably because no party raised it. That is not plain error. *Cf. United States v. Hubbert*, 35 F.4th 1068, 1074 (7th Cir. 2022) (concluding that the district court did not commit plain error when it failed to specify whether the defendant's sentence should run concurrent with, or consecutive to, a previously imposed state sentence).

### III.

For these reasons, we **AFFIRM** the district court's judgment.